veyed as security for the debt certain premises and the rents, issues and profits thereof, and provided that a receiver might be appointed upon bill to foreclose to collect such rents, issues and profits and pay the proceeds thereof to the person entitled to a deed under the certificate of sale, *held* that the fact that such person has no right to such money during the redemption period would affect the disposition of only such surplus proceeds and would not impair the validity of such provision as to a receiver.

3. MORTGAGES, § 653*—*when defendant may not complain of error in entry of deficiency decree.* The contention that the court erred in entering a deficiency decree against a defendant in a foreclosure suit cannot be raised for the first time on review after his approval of such decree.

4. WORDS AND PHRASES—"*O. K.*" *defined.* The abbreviation "O. K." has a well-defined meaning and signifies "all right," "correct," its effect being determined from the circumstances of the situation.

5. EQUITY, § 451*—*what constitutes consent of counsel to decree.* Where a decree contained a notation "O. K." with signature of counsel, and no objection was anywhere made to the entry of such decree, *held* that such notation indicated counsel's unqualified assent to such decree both as to form and propriety of its entry.

---

## Valentine Woods, Defendant in Error, v. Norman McCrimmin, Plaintiff in Error.

### Gen. No. 22,081.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed March 20, 1917.

### Statement of the Case.

Action by Valentine Woods, plaintiff, against Norman McCrimmin, defendant, to recover damages for the alleged wrongful death of plaintiff's horse. From a judgment for plaintiff for two hundred dollars, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLIAM Y. BAIRD, for plaintiff in error.

ALBERT HASSELL, for defendant in error.

MR. JUSTICE MCDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. LIMITATION OF ACTIONS, § 108*—*necessity of pleading statute.* The Statute of Limitations is an affirmative defense and must be specially pleaded in order to be availed of.

2. MUNICIPAL COURT OF CHICAGO, § 27*—*when rules of must be in bill of exceptions.* Questions based upon the rules of the Municipal Court of Chicago cannot be passed upon by the Appellate Court in the absence of a preservation of the rules in the bill of exceptions, as the Appellate Court will not take judicial notice of such rules.

3. MUNICIPAL COURT OF CHICAGO, § 28*—*when objection to verdict is too late.* Where no instruction was asked to eliminate a charge of malice from a tort claim, nor objection made in the trial court to the form of a verdict against the defendant on the ground that it could not be determined from such verdict whether the defendant was found guilty of a tort as charged in the original statement of the claim, or of malice as charged in an amendment thereto, *held* that such objection came too late when first made on review.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.