(Nos. 24294, 24451

162 EAST OHIO STREET HOTEL CORPORATION, Appellee, *vs.* HORACE G. LINDHEIMER, County Treasurer, Appellant.

*Opinion filed February 16, 1938—Rehearing denied April 6, 1938.*

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JACOB SHAMBERG, PHILIP H. TREACY, and BRENDAN Q. O'BRIEN, of counsel,) for appellant.

MEYER COHN, for appellee.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

On October 13, 1936, appellee, 162 East Ohio Street Hotel Corporation, filed a petition for *mandamus* against the county treasurer and *ex-officio* county collector of Cook county to compel him to either refund, or give credit on future taxes, the amount of general taxes for the years 1928, 1929, and 1930 illegally extended against its real estate. The petition alleged that petitioner then owned certain described real estate, but that at the time the taxes in question were paid the land was owned by the St. Clair Hotel Corporation, which was, in June, 1934, declared bankrupt in the United States district court for the Northern District of Illinois under section 77-B of the Bankruptcy act; that appellee was organized pursuant to a reorganization plan in that proceeding and acquired title to the lands and other assets of the bankrupt, wherefore it alleged it was authorized to bring this suit. It was alleged that the taxes assessed against the land for the years 1928, 1929 and 1930 had become delinquent and the county collector had applied for judgment and an order of sale for the taxes for each year. Appellee filed specific objections for each year, claiming that the taxes were extended at an excessive rate. While the objections were pending and were undisposed of, the appellant filed a tax receivership petition in the superior court of Cook county to collect all these taxes, and later filed two petitions for the same purpose, as to the 1930 tax, in the

circuit court of Cook county. Appellee paid the taxes assessed against its real estate for these years, in full, during July and August, 1933, protesting that its objections were still pending and undisposed of. The appellant then dismissed his receivership petitions. Later the county court sustained objections to a portion of the rates for the three years. It was alleged that the payments of taxes, penalties and interest were made under duress; that appellee feared business losses through control of its property being taken from it, and that it sought to avoid the expense of the receiverships. The excess taxes on appellee's land held to be illegal totalled $2406.44. Appellant refused to refund this money or to give credit on future taxes, although he had sufficient money on hand from tax collections for those years.

By his answer, filed November 10, 1936, appellant specifically denied that the taxes for the years in question were paid under protest, or as a result of threats and duress; that appellee objected to the taxes in the collector's proceeding and that the county court sustained objections to such taxes. He denied that any reduction in the taxes for the year 1930 was entered upon the collector's warrant books; that a demand was made for a refund of taxes and penalties or for credit on future taxes; that he refused such demand; that he had on hand large sums of money from tax collections for the years 1928, 1929 and 1930, and that there were any sums of money from which any refund can be made. He averred that all payments of taxes, penalties and interest were voluntarily made, since sections 162, 191 and 253a of the Revenue act of 1872, then in force, provided that where a tax-payer has paid up to seventy-five per cent of the taxes involved in a petition for receivership the appointment of a receiver will be deferred until the validity of the tax shall have been disposed of by the court. Appellant alleged, therefore, that payment of more than seventy-five per cent of the taxes was made voluntarily and of appellee's own accord, and that it could have paid up to ninety per cent

of the taxes for the illegal portion did not exceed ten per cent. Appellant also denied that there is a statutory or administrative duty upon him to refund, or credit upon future taxes, any of the taxes and penalties so paid.

On December 29, 1936, the court, after having heard the evidence, entered judgment awarding the writ of *mandamus* as prayed. On March 26, 1937, appellant perfected an appeal from this order by filing notice of appeal. On the same day he filed a *praecipe* for record in which he asked for a, "Stipulation of facts admitted to be true, filed March 26, 1937." On May 25, 1937, appellant was given ten days "within which to file statement of facts herein." On June 4, 1937, appellant filed a motion asking the court to approve and certify a stipulation of facts which opposing counsel had refused to sign when it was presented to him in court on May 25, 1937. This stipulation was to be incorporated in the transcript of the record in lieu of a report of the proceedings at the trial. Appellant's counsel asked that the court urge counsel for appellee to sign the stipulation. It was charged that appellee's counsel refused to say wherein the proffered stipulation was inaccurate or to agree upon a statement of facts in lieu of a report of the proceedings at the trial. This motion was continued for hearing to June 7, 1937, and time was also extended so that appellant could have approved, certified and filed "a stipulation of facts in lieu of a report of proceedings at the trial." On June 7, 1937, the substance of the stipulation was presented in the form of a report of proceedings at the trial. On June 15, 1937, defendant asked the court to approve, settle, sign, seal and certify this report of proceedings *nunc pro tunc*, as of June 7, the day when it was marked as presented. On June 18, 1937, appellant asked leave to amend the *praecipe* for record filed March 26, 1937, to include a report of proceedings at the trial, a stipulation of facts filed on December 22, 1936, and all the motions and orders entered in the cause since March 26, 1937. The

motions of June 15 and June 18 were denied, and on June 21, 1937, appellant filed the record in this court, and it was given number 24294. On June 22, the circuit court dismissed the appeal because the record was not filed in this court within thirty days after the notice of appeal was filed, on the theory that appellant did not specify in the *praecipe* filed March 26, 1937, any of the proceedings at the trial. On September 17, 1937, appellant filed a notice of appeal from the orders of June 18 and June 22, refusing to approve the report of proceedings *nunc pro tunc,* as of June 7, refusing leave to amend the *praecipe,* and dismissing the appeal. This appeal is numbered 24451 and the two appeals have been consolidated. Appellee has made several motions which have been taken with the case. They are, in substance, motions to dismiss both appeals, to strike the purported report of proceedings from the record, and to strike the abstracts and briefs in both appeals. The disposition to be made of the motions depends upon whether the *praecipe* for record filed by appellant on March 26, 1937, specified any of the proceedings at the trial, so that he had sixty days, or such extended time as was allowed within the sixty days, in which to file a report of proceedings or a stipulation of facts in lieu of such report. Incidental to this is the question whether the extensions of time obtained by appellant in which to file a stipulation of facts were sufficient to allow him to file a report of the proceedings, when it became apparent that appellee would not stipulate the facts.

Section 76 of the Civil Practice act provides that an appeal shall be deemed perfected when the notice of appeal shall be filed in the "lower" court. Rule 36 of this court regulates the manner of obtaining the record on appeal. The appellant is required to file a *praecipe* with the clerk of the trial court, with proof of service, within ten days after filing the notice of appeal. Paragraph 1 (*c*) of this rule provides the method of obtaining a report of proceedings

at the trial, and that it shall be filed in the trial court within sixty days after the appeal has been perfected, or within an extension of time allowed within the sixty days. Paragraph 1 (d) provides that the parties may by written stipulation agree upon a statement of facts material to the controversy in lieu of a report of the proceedings, and the stipulation must also be filed within sixty days, subject to the same provisions for extension of time. By paragraph 1 (e) the failure to file a report of the proceedings or an agreed statement of facts within the time originally allowed or extended, where the *praecipe* filed by the appellant has specified any of the proceedings at the trial, shall authorize a dismissal of the appeal by the trial court, unless appellant elects not to include any proceedings at the trial and transmits the record to the reviewing court in proper time. If none of the proceedings at the trial are specified, paragraph 2 (a) requires that the record shall be transmitted to the reviewing court not more than thirty days after notice of appeal has been filed. These references are to rule 36 as it existed prior to October, 1937.

Appellant in his *praecipe* asked for a "Stipulation of facts admitted to be true, filed March 26, 1937." The *praecipe* was filed on that date and the object of specifying the date was to distinguish this stipulation from one filed by appellee on December 22, 1936. Appellant intended, at the time, to obtain an agreed statement of facts to be used in lieu of a report of the proceedings at the trial. There was no stenographic report taken at the trial, and he mistakenly assumed that counsel for appellee would enter into a stipulation. Nevertheless, he substantially specified the proceedings at the trial in his *praecipe* and was entitled to the sixty-day period within which to file the record on appeal. On May 25, 1936, within the sixty-day period, he was given an extension of time within which to file a stipulation of facts. On the same day the appellee refused to sign a stipulation. On June 4 another extension was allowed

for the same purpose, and on June 7 appellant presented a report of the trial proceedings to be approved and certified by the trial judge. Appellee's contention that appellant never asked for an extension of time within which to file a report of proceedings within the sixty-day period is without substance. The filing of the notice of appeal is the only jurisdictional step required by the Civil Practice act. A stipulation of facts and report of trial proceedings are alternative methods of bringing before the reviewing court the things that transpired on the trial of the cause, and the ends of justice would not be served by a contrary holding. Appellant should have been allowed to substitute the report of proceedings when the efforts to stipulate failed. The trial court erred in dismissing the appeal. Defendant's appeal from the order of dismissal on June 22, 1937, was perfected within the ninety-day period by filing notice of appeal on September 17, 1937. Both appeals are properly before the court and all of the motions that were taken with the case are denied.

Appellant contends that we can dispose of the first appeal on the merits by a consideration of what was formerly the common law record, and that we may disregard the report of trial proceedings, without remanding the cause to the trial court with directions to approve and certify a report of proceedings at the trial.

The question of the sufficiency of a petition to sustain the judgment may be reviewed on appeal even though there was no motion to strike. (*People* v. *Powell,* 274 Ill. 222, 224; *Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 id. 161.) While it is not necessary, to constitute duress, that the tax-payer be in physical danger, or that he be actually placed in a position where his property is about to be seized in satisfaction of the tax, or that his back be to the wall, (*Benzoline Motor Fuel Co.* v. *Bollinger,* 353 Ill. 600; *People* v. *Orrington Co.* 360 id. 289, 292,) yet, if the appellee paid the whole of the respective years' taxes when it

might have paid on a percentage thereof, and still have avoided the receiverships, with their consequent costs and expense, and also have had the benefit of its objections, it paid voluntarily and not under duress.

Appellee made its payment of the taxes for the three years in question during July and August, 1933. It paid in full. Amendments to sections 162 and 191 of the revenue act of 1872, became effective May 18, 1933, and an amendment to section 253a became effective April 28, 1933. (Smith-Hurd Stat. 1933, pp. 2376, 2386, 2400.) These sections bear on the question before us, but it is not necessary to set them out in detail. Section 162 required that the objecting tax-payer should make written protest, pay seventy-five per cent of the taxes objected to and specify to what part of the taxes thus paid he objected. The collector was required to give duplicate receipts showing what part of the taxes was paid under protest and to enter the fact in his return. Section 191 forbade an objector the right to offer any defense to the application for judgment and order of sale of property, unless his objection was accompanied by such a receipt. Section 253a provided that where there were objections on file, and where a receiver was appointed to collect rents, etc., and to apply them towards payment of taxes, the court should take such objections into consideration and direct the receiver to collect only seventy-five per cent of the taxes before the objections were disposed of. At the very beginning of this section it is required that to entitle the collector to the appointment of a receiver, taxes must be delinquent for six months or more.

It is clear that the appellee could have avoided the receiverships, and that its taxes would not have been delinquent under the act, if it had paid seventy-five per cent of the taxes it objected to, taken duplicate receipts and filed them with its objections in accordance with the provisions of the above sections. When it paid the taxes in full this

constituted voluntary payment although it alleges that it paid under protest. The petition did not state a cause of action. No report of the proceedings at the trial would aid it.

The writ of *mandamus* was improvidently and erroneously ordered to issue, and the judgment of the circuit court of Cook county is, therefore, reversed.

*Judgment reversed.*