(No. 24462.)
THE PEOPLE, for use of R. D. SHEPHERD, Conservator, Appellee, *vs.* MARKO PRPICH *et al.*—(T. I. GALLOWAY, Appellant.)

*Opinion filed February 17, 1938.*

T. I. GALLOWAY, *pro se,* and D. F. MOORE, for appellant.

ROY C. MARTIN, and MOSES PULVERMAN, for appellee.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

This is a direct appeal from a judgment rendered by the circuit court of Franklin county based on the allegation that a constitutional question is involved. The suit was

instituted to recover from the principal and two sureties on a bond given by the conservator of an alleged lunatic, Meli Tomlonovich, the amount shown due the ward on the conservator's final accounting. When Marko Prpich was removed as conservator he failed to pay the amount remaining in his hands to his successor conservator, although ordered so to do. The complaint alleged the appointment of Prpich, the giving of the bond in question, its approval by the court, the issuance of letters, the approval of his final account, the breaching of the conditions of the bond, etc. Prpich and one of the two sureties were defaulted. The remaining surety, Galloway, set up as a defense that the bond in question was in form a guardian's and not a conservator's bond, and further that the appointment of Prpich was void by reason of a failure to comply with the requirements of chapter 86 of the Illinois statutes. (State Bar Stat. 1935, p. 2034.) He contends that the appointment of the conservator was in contravention of section 2 of article 2 of the Illinois constitution and of the fourteenth amendment to the Federal constitution, in that the proceeding purports to deprive the incompetent of his liberty and dominion over his property, and vested control of the property in the conservator without due process of law, and that it denies to the ward the equal protection of the law. No attack is made on the validity of any statute, but the charge is that the appointment of the conservator is void for want of conformity with the act. This does not involve a constitutional question. (*Haines* v. *Cearlock,* 184 Ill. 96; *Ross* v. *Maston,* 297 id. 528.) Since no issue is raised which would give jurisdiction to this court, the cause is transferred to the Appellate Court for the Fourth District.

*Cause transferred.*