(No. 25038.— ▮▮▮▮▮▮▮▮)
KATHERINE N. KELLOGG, Appellee, *vs.* WILBUR KELLOGG, Appellant.

*Opinion filed April 17, 1939.*

WILLIAM E. CLOYES, HARVEY L. CAVENDER, and HERBERT J. CHOICE, for appellant.

J. COLBURN HAMILTON, (DAVID A. CANEL, and DANIEL F. KEMP, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Wilbur Kellogg has prosecuted a direct appeal to this court from a summary judgment of the municipal court of Chicago against him at the suit of Katherine N. Kellogg. The suit was based on a judgment of the district court of

the United States for the District of Columbia entered on April 23, 1937, in the sum of $2740, for arrears of alimony under a decree of divorce theretofore entered in that court on March 24, 1934.

The grounds claimed for reversal are: That section 57 of the Civil Practice act (Ill. Rev. Stat. 1937, chap. 110, par. 181) is unconstitutional; that the municipal court of Chicago does not have jurisdiction of an action upon a foreign judgment in excess of $1000; that it does not appear from the record that the district court of the United States had jurisdiction of the person of the defendant when the judgment was entered, and that his second amended defense shows a good defense to appellee's claim.

We are met at the outset with the question of whether this court has jurisdiction of the appeal. No question of a franchise, a freehold or the revenue is involved. The validity of section 57 of the Civil Practice act was not in any way presented to the trial court for consideration. It first appears in the notice of appeal, the filing of which, by the terms of section 76 of the Civil Practice act, (Ill. Rev. Stat. 1937, chap. 110, par. 200,) perfected the appeal. (*Ohio Street Hotel Corp.* v. *Lindheimer,* 368 Ill. 294.) After the appeal was perfected the trial court had no authority to consider any question raised in the notice of appeal and the constitutionality of the statute was first raised here. In order to confer jurisdiction on this court on direct appeal to review a cause on the ground that the constitutionality of a statute is involved, the record must show the question was not only raised but was passed upon by the trial court. (*Ryan* v. *City of Chicago,* 363 Ill. 607; *Dean* v. *Northern Trust Co.* 259 id. 148.) It follows that the claim that section 57 of the Civil Practice act is unconstitutional cannot serve as a basis for a direct appeal in this case.

The claims that the judgment of the district court of the District of Columbia is void for want of jurisdiction of

the person of appellant and that the municipal court of Chicago has no jurisdiction of an action upon a foreign judgment in excess of $1000 were raised in the trial court. Appellant's second amended defense alleges he was not a resident of the District of Columbia when the judgment in the district court was entered, but that he had then been a resident of Chicago for upwards of seven years and no process or notice of the proceeding was served upon him or upon any attorney representing him; that the district court had no jurisdiction of him and the judgment was void.

The hearing upon the application for summary judgment in the municipal court was had on affidavits and exhibits. The affidavit of appellee's attorney and the exhibits show that a rule of the district court provides for giving notice to the opposite party or his counsel of record; that a copy of the motion for judgment was mailed to A. L. Newmyer, appellant's counsel of record in the divorce proceeding; that appellee's counsel receipted for it in the name of Newmyer, who did not repudiate the receipt, but wrote appellee's counsel he did not know whether he still represented defendant and asked for a delay until he communicated with appellant; that subsequently Newmyer wrote appellee's counsel he had received a communication from appellant stating appellant would communicate with Newmyer in three weeks, and asking that the matter be held *in statu quo;* and that, later, Newmyer again wrote appellee's counsel saying appellant had been ill and requested an extension to April 18, 1937. The letter asked that the hearing on the motion for judgment be postponed to that time. The judgment was entered on April 23. It did not contain any recital of facts to show jurisdiction of his person.

No attack is made on the validity of any statute or rule but the claim is that the judgment is void for want of compliance with the rule as to notice. Whether there was a sufficient showing of compliance with the rule can have no effect upon its validity. The claim that the judgment is

void does not raise a constitutional question. *People* v. *Prpich,* 368 Ill. 169; *Ross* v. *Maston,* 297 id. 528; *Haines* v. *Cearlock,* 184 id. 96.

The question as to the jurisdiction of the municipal court in actions on judgments involves only the construction of the statute and not its constitutionality. This does not give this court jurisdiction on a direct appeal. (*Wilson* v. *Prochnow,* 354 Ill. 98; *White* v. *Youngblood,* 367 id. 632.

None of these grounds for appeal raises any question which gives this court jurisdiction of a direct appeal.

The cause is transferred to the Appellate Court for the First District.                              *Cause transferred.*