(No. 30355.
REEDIE M. BOZARTH, Appellee, *vs.* PEARL BOZARTH, Appellant.

*Opinion filed January 22, 1948.*

260

Frank H. Walker, of Mt. Vernon, for appellant.

Creighton & Kerr, of Fairfield, for appellee.

Mr. Chief Justice Murphy delivered the opinion of the court:

Plaintiff, Reedie M. Bozarth, started this action in the circuit court of Wayne County under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1947, chap. 57,) to obtain possession of 80 acres of farm land located in that county. Pearl Bozarth was the sole defendant. She appeared and filed an answer and counterclaim. The final action taken in the trial court on the matters set forth in the counterclaim was to dismiss the third amended counterclaim on plaintiff's motion. Defendant elected to stand by her pleading. Thereafter, plaintiff filed a motion for a summary judgment and supported the same by affidavit. Defendant's motion to strike plaintiff's motion and affidavit was denied and the averments contained in defendant's affidavit of merit were rejected. Summary judgment was entered, awarding possession of the premises to plaintiff. Defendant has appealed directly to this court. Reedie M. Bozarth will be referred to as plaintiff and Pearl Bozarth as defendant.

By her counterclaim defendant sought to have a certain deed set aside and title to the land in question declared to

have been vested in the name of her husband who is now deceased. The result of the relief prayed would be to give defendant a homestead interest in the premises and her rights as a widow. Such contention involves a freehold, and although the claim is without merit, such facts are sufficient to confer jurisdiction on this court by direct appeal. *Jones* v. *Jones,* 281 Ill. 595.

Plaintiff filed a motion to dismiss the appeal on the grounds that the trial court was without power to extend the time within which defendant could file a *praecipe* for record on appeal and that without such extension of time the *praecipe* was not filed within the time required by Rule 36 of this court. It is also urged that there was no report of proceedings in this cause, and that an order of the trial court purporting to extend the time for the filing of such a report was entered without authority and that without the extended time provided by such order the transcript of the record on appeal was not filed in this court within sixty days after the notice of appeal had been filed as required by Rule 36. The motion was taken with the case.

Defendant filed her notice of appeal in apt time. She failed to comply with the rule in the matters complained of and although such violations may be just cause for dismissal of the appeal, they are not such irregularities as to affect the jurisdiction of this court. We have considered the merits of the case and come to the conclusion that the judgment appealed from should be affirmed, and that under such circumstances it would be better to dispose of the appeal on its merits rather than allow plaintiff's motion to dismiss for defendant's failure to comply with the rule.

The facts which support plaintiff's right to immediate possession are as follows: On and prior to April 12, 1937, plaintiff held title to the land in question. On that day he conveyed a life estate in the entire tract to his father, James W. Bozarth.. Grantee, James W. Bozarth, was then

married to Clara Bozarth and they went into possession of the property under the deed and maintained their home thereon. James W. Bozarth continued in possession until his death July 19, 1946. During such period he shared the occupancy with his wife Clara Bozarth until her death, March 2, 1938, and thereafter with defendant from the date of their marriage, July 21, 1938, until his death. After the death of James W. Bozarth defendant continued in possession, and, in October, 1946, plaintiff started this action.

In plaintiff's first pleading he claimed defendant owed some rent, but when defendant raised a question of fact as to her liability for rent and the amount thereof, plaintiff withdrew that part of his pleading which asked for rent. The facts alleged in the complaint and answer, and as averred in plaintiff's affidavit filed in support of his motion for summary judgment, show that there was no controverted question of fact to be determined, that the only issue was as to whether the admitted facts sustained plaintiff's claim to immediate possession of the property.

The facts pleaded in the third amended counterclaim were as follows: On March 23, 1923, James W. Bozarth owned the land in question and other lands totaling approximately 300 acres; that on said date he and his wife Clara executed a mortgage creating a lien on the total acreage to secure an indebtedness of $6500 payable over a period of years; that several payments were made, substantially reducing the indebtedness; that on February 3, 1933, a part of the mortgage indebtedness remaining unpaid, the Bozarths conveyed all the lands by warranty deed to a receiver of the Joint Stock Land Bank, which held the note and mortgage. Two years later such receiver conveyed the total acreage to plaintiff, the consideration stated being $2500.

It is alleged that prior to the execution of the deed by the receiver conveying the land to plaintiff, plaintiff and his father, James W. Bozarth, had agreed that James W.

Bozarth was to have the 80 acres in question. It is not specifically stated, but the inference is that the total acreage was conveyed to the receiver as further security for the debt and that the reconveyance to plaintiff was pursuant to a redemption from such indebtedness, and that although plaintiff took title in his name, it was understood between plaintiff and his father that the father should have the 80 acres involved here as his interest in the equity in the 300 acres. It was further alleged that after the death of Clara Bozarth, and just preceding the marriage of James W. Bozarth and defendant, James W. Bozarth, for the purpose of inducing defendant to marry him, repeatedly represented to her that he was the owner of said 80 acres, and that such representations continued after the marriage. It was further alleged that such representations, made both before and after the marriage, were uttered by James W. Bozarth in the presence of the plaintiff, that he, the plaintiff, knew of their falsity but did not advise defendant of such fact.

The prayer of the first count of the counterclaim asked that the deed of April 12, 1937, conveying a life estate to James W. Bozarth be declared void, that the title of the 80 acres be decreed in a manner to grant defendant a homestead estate and dower, and other rights she would have in the land as the widow of James W. Bozarth. The prayer of the second count was on the theory that a legal duty rested on plaintiff to disclose to defendant the falsity of the representations made by James W. Bozarth in reference to his ownership of the land, that there had been a violation of such duty and that he should now respond to defendant in damages.

Defendant's theory is that James W. Bozarth's acceptance of a deed conveying a life estate in the 80 acres, instead of exacting a deed conveying the fee simple absolute was a fraud on her marital rights. She seeks to invoke the doctrine frequently applied by this court that a man cannot convey, by way of gift, his real estate on the eve

of his marriage without the consent of his intended wife, and thus deprive her of the rights of a wife in the real estate thus conveyed. A conveyance of real estate made under such circumstances is presumably fraudulent and will be held to have been made for the purpose of defrauding the wife of her rights in the property. *Jones* v. *Jones,* 281 Ill. 595; *Deke* v. *Huenkemeier,* 260 Ill. 131; *Dunbar* v. *Dunbar,* 254 Ill. 281.

Defendant overlooks one of the factors on which relief is granted in such case. It is that no presumption of fraud arises from a voluntary conveyance of real estate made by an unmarried man, unless it appears such conveyance was made on the eve of his marriage or at a time when it clearly appears he contemplated the marrriage and that in anticipation of such event he executed the deed. The conveyance which defendant seeks to set aside was made when Clara Bozarth, former wife of James W. Bozarth, was yet alive and at a time when there was no basis for a presumption that he accepted the deed conveying the lesser estate, anticipating his marriage to defendant. Without such fact it cannot be presumed that the deed was fraudulently made for the purpose of defeating the rights defendant would have in her husband's property thus conveyed.

The allegations of the counterclaim do not connect plaintiff with the false representations made by James W. Bozarth to defendant in reference to the ownership of the land in any way, except the allegation that he knew James W. Bozarth had made them and knew that they were false. Since the deed was made at a time and under circumstances where there was no basis for a presumption of fraud, there would be no way to connect plaintiff with the falsity of the charge, except that he actually committed a fraud in some way to the injury of defendant. Defendant did not state a right for relief in either count of her counterclaim.

The judgment of the circuit court of Wayne County is affirmed.

*Judgment affirmed.*