(No. 31751.

AMERICAN SMELTING & REFINING COMPANY, Appellee, *vs.*
THE CITY OF CHICAGO, Appellant.

*Opinion filed March 22, 1951—Rehearing denied May 21, 1951.*

John J. Mortimer, Corporation Counsel, of Chicago, (L. Louis Karton, Edward W. Parlee, and Arthur Magid, of counsel,) for appellant.

Arvey, Hodes & Mantynband, of Chicago, (Louis M. Mantynband, and J. Herzl Segal, of counsel,) for appellee.

Mr. Justice Gunn delivered the opinion of the court:

The appellee, (plaintiff,) American Smelting & Refining Company, a corporation, filed its complaint in the circuit court of Cook County, claiming that certain amendments to the Chicago zoning ordinance were unconstitutional and void as affecting its property, because they infringed and contravened the State and Federal constitutions.

The general nature of the complaint was that a tract of land containing some twelve or fourteen acres, belonging to the plaintiff, had been since 1923 located in a zone for manufacturing uses, and that from 1942 until 1947 different amendments had been made until, at the time of the filing of the suit, this tract of land had been rezoned from manufacturing or commercial purposes to apartment house uses; that the property as a manufacturing or commercial property was very valuable, but that as apartment house property it was of little or no value, and that plaintiff had relied upon the original zoning made by the city of Chicago, and to deprive them of this use, after relying upon it for many years, rendered the ordinance invalid. The city answered, denying the ultimate facts alleged in the complaint, and contended the changes in the ordinance were well within the zoning power.

Evidence was heard before a master in chancery, who filed a report in favor of the plaintiff, and upon exceptions

the court sustained the report of the master in chancery, and entered a decree holding that the amendments made to the Chicago zoning ordinance, described in the complaint, were unconstitutional and void, and that the rights of the plaintiff were to be governed by the provisions of the original zoning ordinance, and that the city of Chicago, and its agents, officers and employees, were restrained and enjoined from enforcing any provisions of the amendatory ordinances, contrary to the provisions of the zoning ordinance of April 5, 1923. The city of Chicago has filed an appeal directly to this court, apparently based upon the assumption that the validity of an ordinance has been properly certified to this court, which would give us jurisdiction under section 75 of the Civil Practice Act. Ill. Rev. Stat. 1949, chap. 110, par. 199.

Examination of the record in this case discloses that the notice of appeal was filed in the office of the circuit clerk June 28, 1950; that it was served upon counsel for plaintiff on June 28, 1950; that up to the time of filing the notice of appeal and serving same upon the opposite side there had been no certificate by the court that the validity of an ordinance was involved, or that the public interest required that an appeal be taken directly to the Supreme Court.

The record further shows that June 28, 1950, a notice was served upon attorneys for appellee that defendant would apply to the judge who had entered the decree in said case for a certificate that there was involved in said cause the validity of a municipal ordinance, and that the public interest required a direct appeal to the Supreme Court, and that notice of appeal should operate as a *supersedeas,* without filing bond. A motion for such purpose was made in the circuit court June 30, 1950, and on the same day, *viz.,* June 30, 1950, the judge did issue a certificate that the final decree entered in said cause involved the validity of a municipal ordinance, and that the public

interest required that an appeal be taken directly to the Supreme Court.

Appellee has not seen fit to question the jurisdiction of this court by a motion, but when we observe from the record that we have no jurisdiction of a cause on direct appeal it is our duty to protect the jurisdiction of the court, and take notice and act accordingly.

Section 74 of the Civil Practice Act, (Ill. Rev. Stat. 1949, chap. 110, par. 198,) provides: "Every order, determination, decision, judgment or decree, rendered in any civil proceeding, if reviewable by the Supreme or Appellate Court of this State by writ of error, appeal or otherwise, shall hereafter be subject to review by notice of appeal, and such review shall be designated an appeal and shall constitute a continuation of the proceeding in the court below."

Section 76 of the Civil Practice Act, (Ill. Rev. Stat. 1949, chap. 110, par. 200,) provides: "(2) An appeal shall be deemed perfected when the notice of appeal *shall be filed in the lower court.* After being duly perfected no appeal shall be dismissed without notice, and no step other than that by which the appeal is perfected shall be deemed jurisdictional." This section of the Civil Practice Act has been construed from time to time. In *Wolcott* v. *Village of Lombard,* 387 Ill. 621, the facts were as follows: The circuit court dismissed the complaint on November 9; on November 15 a notice of appeal was filed by appellant from the order of dismissal entered on November 9. On December 6 a motion was made to vacate the dismissal order of November 9 and to withdraw the notice of appeal, and appeal was taken from a denial of this motion. Upon due consideration we held that when the notice of appeal is filed in the circuit court the case proceeds in the court of review, not as a new case but as the continuation of one that was pending in the trial court, and the jurisdiction of

the reviewing court to take the case attaches when the notice of appeal is filed in the trial court, and that we have no jurisdiction to consider any proceeding of the lower court after notice of appeal was filed and served. We further held the only questions we could consider on appeal were those existing when the notice of appeal was filed. We also held to the same effect in *162 East Ohio Street Hotel Corp.* v. *Lindheimer,* 368 Ill. 294, and *Francke* v. *Eadie,* 373 Ill. 500. In view of the provisions of section 76 of the Civil Practice Act, the holdings in these cases would seem to be academic. Prior to the adoption of the Civil Practice Act the same rule prevailed that when an appeal was perfected the trial court had no further jurisdiction until the appeal was disposed of. *People ex rel. Harding* v. *Wiley,* 284 Ill. 186; *Merrifield v. Western Cottage Piano and Organ Co.* 238 Ill. 526; *People ex rel. Stuckart* v. *Chicago, Burlington and Quincy Railroad Co.* 290 Ill. 327; *People ex rel. Finn* v. *David,* 328 Ill. 230.

It necessarily follows that from the date of the filing and service of the notice of appeal the cause is transferred to the appellate tribunal, and the trial court no longer has jurisdiction to enter any orders, and consequently the record in the present case comes to this court without any certificate that the validity of an ordinance is involved and that the public interest required an appeal directly to the Supreme Court.

Section 75 of the Civil Practice Act (Ill. Rev. Stat. 1949, chap. 110, par. 199,) provides that "Appeals shall be taken directly to the Supreme Court in all cases in which a franchise or freehold or the validity of a statute * * * or a construction of the constitution is involved, and in cases in which the validity of a municipal ordinance is involved and in which the trial judge shall certify that in his opinion the public interest so requires," etc. The record made by the circuit court, while it had jurisdiction of the

cause, did not include the certificate that the validity of a municipal ordinance was involved, and that in its opinion the public interest required a direct appeal to this court. The notice of appeal deprives the trial court of jurisdiction of the subject matter, and, of course, an order or judgment made without jurisdiction is void. *Rabbitt v. Weber & Co.* 297 Ill. 491: *Herb* v. *Pitcairn,* 384 Ill. 237; *Gottlieb* v. *Crowe,* 368 Ill. 88.

In *Kellogg* v. *Kellogg,* 371 Ill. 241, we held that after the appeal was perfected the trial court had no authority to consider any question in the cause raised after the notice of appeal had been filed, and the cause was thereupon transferred to the Appellate Court.

The only question involved in this case is the validity of the amendments to a municipal ordinance. Such a question, to be directly reviewed by this court, must be presented by a certificate of the trial judge, as required by law; otherwise we have no jurisdiction. This certificate does not appear in the present record until after the court had lost jurisdiction of the cause by reason of the filing and service of the notice of appeal. No general constitutional question is presented which would otherwise give us jurisdiction, since it is not claimed the amendments to the zoning ordinance are bad, but only void as applied to certain property. The construction or application of a statute or ordinance to a particular property does not present a constitutional question. *Village of Riverside* v. *Kuhne,* 397 Ill. 108; *Pollack* v. *County of DuPage,* 371 Ill. 199; *City of Chicago* v. *Iroquois Iron and Steel Co.* 361 Ill. 330; *City of Chicago* v. *Peterson,* 360 Ill. 177.

Accordingly, it is our duty to transfer this cause, and the same is transferred to the Appellate Court for the First District.

*Cause transferred.*