Helen Marlas, Appellant, v. Mike Virekeos, Appellee.

Gen. No. 46,966.

First District, First Division.

April 3, 1957.

Released for publication June 20, 1957.

1

McCarthy, Witry, Lyon & McCarthy, of Chicago, for appellant.

Benjamin J. Sachs, of Chicago, for appellee; Harry G. Fins, of Chicago, of counsel.

JUDGE KILEY delivered the opinion of the court.

This is an action for damages alleged to have resulted from defendant's breach of a covenant in a lease by yielding up the premises, at the end of the term, in disrepair and in an unclean, unsightly condition. Defendant's counterclaim was stricken and the issues on the complaint were tried to a jury. At the close of plaintiff's case the court directed a verdict for defendant and entered judgment accordingly. Plaintiff has appealed.

In this court defendant contends that the appeal must be dismissed for want of jurisdiction.

The judgment was entered November 8, 1955, when section 76 [Ill. Rev. Stats. 1955, ch. 110, § 76] of the Civil Practice Act provided that the notice of appeal could be filed within ninety days after the entry of judgment. The legislature amended section 76 at the 1955 session, cutting the time within which to file the notice of appeal from ninety days to sixty days, effective January 1, 1956. The instant notice of appeal was filed January 20, 1956, which was 73 days after the entry of the judgment. The question is whether the amendment to section 76 limited to sixty days after November 8, 1955, the time for filing the notice of appeal.

Section 76, subsection 2, renders the notice of appeal the only jurisdictional "step". Accordingly, if the amendment controlled the instant notice of appeal, the defendant's contention must be sustained.

██ The general rule is that statutes will not be construed to give them a retroactive effect unless a legislative intent to the contrary clearly appears. How-

2

ever, when a change in law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether the suit has been instituted or not, unless there is a saving clause as to existing litigation. (Ogden v. Gianakos, 415 Ill. 591; Board of Education v. City of Chicago, 402 Ill. 291.) The amendment in the instant case contained no saving clause with respect to judgments rendered prior to January 1, 1956, and the amendment merely affected practice and procedure. (Orlicki v. McCarthy, 4 Ill.2d 342, and cases there cited.) Therefore, the amendment controls the instant notice of appeal and plaintiff was required to file his notice within sixty days "from the entry" of the judgment. (In re Hinton, 12 Ill.App.2d 366.)

Plaintiff relies upon George v. George, 250 Ill. 251, to support her contention that the notice of appeal provision in effect prior to January 1, 1956, was a vested right, unaffected retroactively by amendments which do not clearly disclose the intention of the legislature to make the amendment retroactive. In the George case the court decided that the right to the writ of error "accrued" when the decree was entered because Supreme Court jurisdiction over writs of error was established in the Illinois constitution. This is not authority for the analogy sought to be drawn by plaintiff, that is, that since under the George case the writ of error was a vested right, in the instant case the right of appeal to this court is a vested right. The analogy fails because the constitution neither established this court nor conferred upon it jurisdiction over appeals. Therefore, the right of appeal to this court is not a "constitutional right" as is the right to writ of error in the Supreme Court, which right has the attribute of being vested.

3

Plaintiff relies upon Bismarck Hotel v. Wittbold, 300 Ill. App. 612, to support her contention that defendant waived his right to have this appeal dismissed when he made no motion to dismiss, and brought the point up for the first time in his answer, thus joining in error. We do not agree. None of the authorities cited in the Bismarck case involved a requirement which is "jurisdictional and mandatory" as is the time limit for filing a notice of appeal. (Freeport Motor Casualty Co. v. Tharp, 406 Ill. 295, 298.) In Wishard v. School Directors, 279 Ill. App. 333, 335, it was held that in the absence of a notice of appeal the court had no jurisdiction to consider the case. The court said, "It is a requirement of the statute and is a matter that cannot be waived by agreement of parties nor supplied by estoppel arising out of the conduct of either party." The fact that no notice of appeal was filed in the Wishard case does not distinguish it from the instant case where the notice of appeal was not filed within the specified time. Because of these authorities, we respectfully depart from the holding in Bismarck Hotel v. Wittbold, 300 Ill. App. 612, and hold that defendant's failure to raise his objection to this appeal by motion did not waive the requirement of strict compliance with the statute. This conclusion brings the instant notice of appeal within the decision in In re Hinton, 12 Ill.App.2d 366, which we think correctly construed the amendment to section 76 of the Civil Practice Act in its application to a situation similar to the one before us.

For the reasons given, the appeal is dismissed.

Appeal dismissed.

FEINBERG, P. J., concurs.

LEWE, J., took no part.