(No. 34933.—

MYRTIS MOORE, Appellant, *vs.* DWIGHT L. MOORE *et al.*, Appellees.

*Opinion filed November 26, 1958.*

240

Grigsby & Irving, of Pittsfield, for appellant.

C. G. Coburn, of Virginia, of appellees.

Mr. Justice House delivered the opinion of the court:

Plaintiff filed a complaint in the circuit court of Pike County praying that a conveyance on the eve of marriage by her deceased husband, Lee S. Moore, to his son and two daughters without her knowledge or consent, be set aside

as fraudulent and void insofar as her marital rights are concerned. On motion of the defendants, the complaint was dismissed on the ground that it failed to state a cause of action. A freehold being involved, the plaintiff has appealed to this court.

It is the settled law in this State that a voluntary conveyance by either party to a marriage contract of his or her real property, without the knowledge of the other and on the eve of marriage, is a fraud upon the marital rights of the other party, and such conveyance may be set aside as fraudulent and void as against the party whose marital rights are precluded thereby. *Bozarth* v. *Bozarth,* 399 Ill. 259; *Dunbar* v. *Dunbar,* 254 Ill. 281; *Daniher* v. *Daniher,* 201 Ill. 489.

Defendants contend that the complaint is defective because it fails to allege the specific facts constituting the fraud complained of. The complaint alleges that the plaintiff and Lee S. Moore were married on November 12, 1944, and lived together until his death in February, 1956; that he courted her for about five years prior to their marriage; that during the courtship he represented to her that he was the owner of a 141-acre farm and could amply provide and care for her; and that in December, 1943, they became engaged to be married some time in the spring of 1944. It further alleges that the opposition of Moore's three children caused the marriage to be postponed, that the children prevailed upon their father to convey the farm to them by a deed reserving a life estate to himself; that plaintiff had no knowledge of the deed, which was recorded on January 13, 1944, some ten months prior to the marriage, that the deed was made by her espoused in contemplation of their marriage, without her knowledge, was voluntary, made without consideration and for the purpose of defrauding her of her marital rights of dower, homestead and widow's award.

It continues with the allegations that at the time of their marriage the farm was encumbered by a $4,200 mortgage; that when married she possessed $1,600 in savings and loaned this money to her husband to defray living expenses and make payments on the mortgage and, furthermore, she cared for elderly persons and took in washings and ironings to supplement their income and in paying the mortgage and taxes on the farm; that she willingly made such expenditures of her earnings in the belief that her husband owned the farm and that it would be a source of support and maintenance for her. It concludes with a prayer that the deed from her husband to his three children, and the subsequent deed from the son to the two daughters, be declared fraudulent and void insofar as they affect her marital rights in the real estate.

We are of the opinion that the complaint contains a plain and concise statement of plaintiff's cause of action as required by the statute. (Ill. Rev. Stat. 1957, chap. 110, par. 33.) It points out and states the facts and circumstances relied upon and constituting the fraud comes within the rule as set forth in *Dickinson* v. *Dickinson,* 305 Ill. 521, and similar cases.

Defendants next contend that since the deed to them was executed and recorded ten months prior to plaintiff's marriage it cannot be said that it was executed on the eve of marriage. The same argument was asserted in *Jarvis* v. *Jarvis,* 286 Ill. 478, which presents facts similar to the present case. There, the widow of Albert Jarvis filed a bill in chancery seeking to set aside a conveyance from Jarvis to his son which was executed twenty-two months prior to their marriage and which was alleged to have been made "in contemplation of marriage, without consideration and for the purpose of defrauding his future wife of her marital rights, and without consideration and as a voluntary conveyance and gift." The earlier cases were reviewed and it was concluded, at page 488: "Under the decisions it seems

illogical and unreasonable to lay down a general rule of law that a transfer made eight months or a year before the contemplated marriage would be fraudulent and that a transfer made twenty-two months or two years before the contemplated marriage would not be fraudulent. We do not think any such arbitrary line of demarcation between fraudulent and valid transfers before marriage can be laid down. The law on this question, to be reasonably and fairly enforced, must not only take into consideration the length of time that the transfer is made before the marriage, but the other conditions and facts connected with such transfer." Following the *Jarvis case*, it does not appear in the present case that the period of time alleged to be "in contemplation of marriage" arbitrarily renders the complaint defective on its face, when considered in the light of the remaining facts and circumstances alleged therein.

It is next argued by defendants that the recording of the deed some ten months before the marriage constituted constructive notice to the plaintiff and that her failure to take action for eleven years after such notice renders the complaint defective, as a matter of law, under the equitable rule of *laches*.

Defendants rely upon *Rosehill Cemetery Co.* v. *City of Chicago*, 352 Ill. 11, and *Miller* v. *Akin*, 350 Ill. 186, which contain broad statements that recording of instruments and plats gives notice to the world. An examination of these cases, however, will reveal that the remarks were actually directed to the adjoining land owners as to knowledge of the existence of the cemetery, and to the mortgagees who had taken a mortgage from a contract purchaser, respectively. We do not regard these cases as authority for extending the doctrine of constructive notice to parties engaged to be married, nor do we agree with the contention that this type of case is governed by the *laches* rule applicable to creditors' suits where recording is deemed constructive notice. To hold otherwise would require persons

244

contemplating marriage to discard that element of faith and trust so necessary to their relationship and search the records to determine the truth or falsity of representations concerning ownership of real estate.

We conclude that the plaintiff's complaint states a good cause of action and that plaintiff is entitled to a hearing on the merits. Accordingly, the order of the circuit court of Pike County dismissing the complaint is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

*Reversed and remanded, with directions.*