(No. 35351.—

WILLARD E. DIAL *et al.,* Appellants, *vs.* BERTHA M. DIAL *et al.,* Appellees.

*Opinion filed November 18, 1959.*

DWIGHT H. Doss, of Monticello, for appellants.

ROBERT P. SHONKWILER, of Monticello, for appellees.

Mr. Justice Davis delivered the opinion of the court:

This case involves the propriety of the action of the circuit court of Piatt County in dismissing plaintiffs' complaint to impress a trust upon certain real and personal property, and for other relief.

Plaintiffs are two of the children of Edward E. Dial, deceased. The defendants are the widow, Bertha M. Dial, individually and as executor of the estate of decedent; Max D. Campbell, a child of Bertha M. Dial; and Evelyn Day, a third child of the decedent. It appears from the pleadings that on February 23, 1952, the decedent and his wife Bertha M. Dial executed a joint will which was prefaced by their agreement to make such will in accord with its subsequent provisions; that they contemporaneously placed their property in joint tenancy, of which Bertha contributed two fifths and Edward three fifths; and that they agreed "that when the survivor of us is through with said property, the residue of said property then remaining, if any, shall descend to our children as follows: two-fifths (⅖) to the child of Bertha M. Dial, and three-fifths (⅗) to the children of Edward E. Dial."

The material provisions of the will are:

"Third: We give, devise and bequeath to each other respectively, all such estate, right, title, or interest as we or either of us respectively hold, possess, and enjoy in any property, real or personal.

"Fourth: After the decease of both of us, we give, devise and bequeath all the property of which the survivor dies seized or possessed, to our children, namely, Max D. Campbell, Willard Earl Dial, Geneva McEndollar and Evelyn Day; two-fifths (⅖) to Max D. Campbell, and the remaining three-fifths (⅗) in equal shares to Willard E. Dial, Geneva McEndollar, and Evelyn Day.

\* \* \*

"Eighth: It is the intention of the undersigned, as the makers of this joint instrument, that the survivor shall use all funds and property, whether real or personal, for his or her necessary comfortable living, in accordance with his or her station in life, but it isn't the intention that the survivor shall give away to any individual or individuals any of our joint property, but that it shall

be held intact by him or her and at the death of the survivor shall be distributed as hereinabove set forth."

Edward E. Dial died on March 22, 1956, and the will was admitted to probate. The complaint alleged that the property of the estate was devised and bequeathed to the children of the testators subject to the right of Bertha M. Dial to use such property during her lifetime; and that the joint will created only a life estate in the joint tenancy property in Bertha M. Dial. Paragraph 4 of the complaint alleged:

"That the defendant, Bertha M. Dial, has taken into her possession all of the said property and assets and has disposed of some assets and threatens to dispose of or expend the principal or corpus thereof, which she has no right to do; that she is, in law, a trustee holding the said assets for the use and benefit of the plaintiffs and the defendants, Evelyn Day and Max D. Campbell, subject only to her life estate therein."

Plaintiffs contend that the defendant, Bertha M. Dial, received only a life estate under the joint will; and that, as the surviving widow, she stands in a confidential relationship, which under the facts alleged, she has breached. Therefore, they urge that the complaint states a cause of action which justifies the imposition of a trust by operation of law.

The motion to dismiss, filed by defendant Bertha M. Dial, admitted the facts well pleaded, but not the conclusions of the pleader. (*Stenwall* v. *Bergstrom*, 398 Ill. 377; *Kurtzon* v. *Kurtzon*, 395 Ill. 73; *Harris* v. *Ingleside Building Corp.* 370 Ill. 617.) For the purpose of ruling on the motion to dismiss, it was admitted that decedent and Bertha M. Dial entered into the agreement to make a joint will, executed such will, and placed their property in joint tenancy; that decedent died on March 22, 1956; and that the defendant widow, individually and as executor, took possession of all the assets of the estate, has disposed of some

and threatens to dispose of other assets. The remaining allegations appear to be mere conclusions of the pleader.

These admissions pose the question of whether the allegations of fact are sufficient to warrant the trial court to impress a trust upon the property. It is conceded that Bertha M. Dial has at least a life estate in the property. Under the eighth paragraph of the will, she was authorized as the surviving maker of the joint instrument to "use all funds and property * * * for * * * her necessary comfortable living, in accordance with * * * her station in life, * * *." It is clear that the instrument in question did not create an express trust for the benefit of plaintiffs. *Phelps* v. *Seeley,* 3 Ill.2d 210, 214; *Dee* v. *Dee,* 212 Ill. 338, 347 *et seq.*

We agree with plaintiffs' statement that constructive trusts are divided into two general classes: one where actual fraud is considered as an equitable ground for raising the trust, and the other where there is a confidential relationship and the subsequent abuse of the confidence reposed. (*Carroll* v. *Caldwell,* 12 Ill.2d 487; *Steinmetz* v. *Kern,* 375 Ill. 616; *Suchy* v. *Hajicek,* 364 Ill. 502.) However, when the allegations of the complaint are examined in the light of the foregoing rule and the provisions of the eighth paragraph of the will, it becomes apparent that the conduct of the widow, as charged in paragraph 4 of the complaint, is as consistent with propriety as with impropriety.

She could properly take possession of the assets of the estate and dispose of such assets for "her necessary comfortable living." Thus, such allegations do not justify the imposition of a constructive trust. The complaint does not allege that Bertha M. Dial has disposed of assets for less than full consideration, that she has committed waste or that she threatens so to do; it contains neither an allegation of fraud nor of an abuse of a confidential relationship. The defendant had a right to dispose of the property of

the estate, subject to the provisions of the eighth paragraph of the will, and as we read the allegations of the complaint, there is no charge that she did more.

We have consistently held that the allegations of a complaint to establish a constructive trust must be specific. (*Moore* v. *Moore,* 15 Ill.2d 239; *Carroll* v. *Caldwell,* 12 Ill.2d 487; *Dickinson* v. *Dickinson,* 305 Ill. 521.) The complaint falls far short of such requirement. Consequently, the trial court was not required to determine the extent of the interest and powers of the surviving widow in regard to the property involved. The dismissal of plaintiffs' complaint must be affirmed.                    *Decree affirmed.*