Dewey Pruitt, Nathaniel Pruitt, Oda Harris, Joseph Madden, Dave Willis and Arthur Matthews, Appellants, v. Motor Cargo, Incorporated, a Foreign Corporation, and Walter Ankebrant, Appellees.

Gen. No. 48,202.

First District, Third Division.

April 5, 1961.

William Eugene Knapp and William Bruce Richards, of Chicago (Robert Cleveland and Lawrence Mayster, of counsel) for appellants.

Frank Glazer, of Chicago (Michael J. Bucko, of counsel) for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment on a verdict of not guilty in a personal injury case. Two errors are relied upon for reversal; one, that the court improperly communicated with the jury, and, two, that inadequate forms of verdict were given to the jury.

Of the six plaintiffs, only Oda Harris filed a motion for a new trial within the thirty day period provided by statute. The other plaintiffs maintain that they are included in that motion by virtue of an order entered after the expiration of the thirty day period. Whether the plaintiffs other than Oda Harris filed notice of appeal in time depends on the validity of that order. Before proceeding to consider the merits of the appeal, we must determine that question.

Three cases were consolidated for trial; one in which Dewey Pruitt, Nathaniel Pruitt and Oda Harris were the plaintiffs, and the defendants were Motor Cargo

and Ankebrant; one in which Arthur Matthews was the plaintiff, and the same defendants were named; and one in which Joseph Madden and Dave Willis were the plaintiffs, and Motor Cargo was the only defendant. The jury returned a verdict of not guilty on March 25, 1960, and the court promptly on that date entered judgment, which is in accordance with the provisions of the Civil Practice Act (Ill. Rev. Stat., 1959, ch. 110, sec. 68(2)) and Rule 1, Section 68(2), of the Municipal court. Both the act and the rule provide that post trial motions must be filed within thirty days after the entry of judgment or within any further time the court may allow within the thirty day period or any extension thereof. The Civil Practice Act further provides that notice of appeal shall be filed within sixty days after entry of judgment (sec. 76(1)) but a post trial motion filed in apt time stays execution and the time for appeal does not begin to run until the court rules on the motion. (Ill. Rev. Stat., ch. 110, sec. 68.1(4) (1959).)

On April 19, 1960, well within the thirty day period, a motion for judgment notwithstanding the verdict and, in the alternative, for a new trial was filed by Oda Harris only. No one else is mentioned, and by no reasonable interpretation could this be considered a motion on behalf of all the plaintiffs. So far as appears from the record, no other plaintiff did anything with respect to the filing of a motion for a new trial until May 3, 1960, nine days after the expiration of the thirty day period, when Madden and Willis made a motion for judgment notwithstanding the verdict and, in the alternative, for a new trial.

The next pertinent document in the record was filed May 16, 1960, twenty-two days after the thirty day period had expired, and is entitled: "Dewey Pruitt, Nathaniel Pruitt, and Oda Harris v. Motor Cargo, Incorporated, . . . and Walter Ankebrant," and it recites the following:

"Now come the plaintiffs herein and move the Court for Judgment notwithstanding the verdict, and for a New Trial, and the Court being fully advised in the premises, overruled said motion."

As we have pointed out, only Oda Harris had filed a motion for a new trial in due time and the order could legally apply to him, and to no one else. This extended his time to file notice of appeal to sixty days from May 16, 1960.

On June 10, 1960, the following certification of the trial judge appears:

"I, Saul Epton, Judge of the Municipal Court of Chicago certify by my signature that the written motion of William E. Knapp, attorney for Oda Harris, was adopted and joined in, with permission of this Trial Court, by William Bruce Richards for DEWEY PRUITT, and NATHANIEL PRUITT; by Robert Cleveland for Arthur Mathews; and by Lawrence Mayster for Dave Willis and Joseph Madden, and that my order denying a new trial was an order denying motions for new trial on behalf of all the plaintiffs in the causes as consolidated."

On June 17, 1960, there is a certification that notice of appeal and proof of service was filed on that date. The notice of appeal was signed on behalf of all the plaintiffs. Again, on June 22, 1960, an order was entered giving plaintiffs leave to file notice of appeal instanter.

■ ■ From the foregoing, it is clear that Oda Harris was the only one of the plaintiffs who filed his post trial motion and his notice of appeal within the time allowed by statute and the rules of court. The trial court in a generous effort to preserve the right of appeal of the other plaintiffs, entered the confusing orders referred to, but this was in violation of the pro-

visions of the act as interpreted by the Supreme and Appellate courts as we later show. The thirty day period, corresponding to term time prior to the enactment of the Civil Practice Act, is the period within which a judgment is said to be in the breast of the court, but when that period expires and no steps have been taken in accordance with the provisions before quoted, a judgment becomes final and conclusive, except as provided by those sections of the Practice Act which afford relief under extraordinary circumstances not applicable here.

██ It is true, as plaintiffs have urged, that the courts of this state are loath to deny an appeal on the basis of a failure to comply with technical requirements. But both legislature and courts have recognized that this policy should not be pursued to the point where the stability of judgments is impaired. In only a small percentage of cases are the processes of appeal invoked, and if terminal dates were not fixed and observed, all judgments would be subjected for an indefinite period to challenge by post trial procedures. One of those dates is the sixty day period for notice of appeal. That is mandatory and jurisdictional. Freeport Motor Casualty Co. v. Tharp, 406 Ill. 295, 298, 94 N.E.2d 139, 141; 162 East Ohio Street Hotel Corp. v. Lindheimer, 368 Ill. 294, 300, 13 N.E.2d 970, 973; Bozarth v. Bozarth, 399 Ill. 259, 77 N.E.2d 658; Marlas v. Virekeos, 14 Ill.App.2d 1, 142 N.E.2d 808; In Matter of Hinton, 12 Ill.App.2d 366, 139 N.E.2d 307; Wishard v. School Directors, 279 Ill. App. 333; Veach v. Hendricks, 278 Ill. App. 376.

In Freeport Motor Casualty Co. v. Tharp, supra, the court, referring to the provision then in effect allowing ninety days for the filing of notice of appeal, said: "This requirement is jurisdictional and mandatory and the statute must be strictly complied with. Johnson v. County of Cook, 368 Ill. 160, and People ex rel.

227

Waite v. Bristow, 391 Ill. 101." In Marlas v. Virekeos, supra, the question involved was whether an amendment to the Civil Practice Act which cut the time within which to file notice of appeal from ninety to sixty days, effective January 1, 1956, controlled notice of appeal filed January 20, 1956, which was 73 days after the entry of judgment. The court held that the amendment controlled and that notice was required to be filed within sixty days from the entry of judgment. The court disagreed as we do with the decision in Bismarck Hotel Co. v. Wittbold, 300 Ill. App. 612, 21 N.E.2d 815, where it was held that the appellee had waived his right to have the appeal dismissed when he failed to make a motion to that effect.

Even if we were to hold, contrary to the decisions we have cited, that all the plaintiffs were properly before this court, we would still be unable to consider any of the errors assigned except as to Oda Harris, for the reason that they were errors which had to be first presented to the trial court by a motion for a new trial and, as we have stated, only Oda Harris made such a motion in apt time.

■ We will now consider the two errors assigned by Oda Harris. The first point made by him is that the court erred in interpreting an instruction to the foreman of the jury. A certification of what occurred was made by the trial judge. He states that after the jury had retired, the foreman sent word that he wished an interpretation of an instruction. The judge went on the bench and interpreted one of the defendants' instructions for the jury foreman. What he said is not revealed. During that incident, William E. Knapp, attorney for Oda Harris, was present, and as the court stated in his certification, "agreed to the incident herein noted." The court then said:

"However, Mr. Knapp has advised me that it was his understanding that he agreed to the communi-

228

cations with the juror and further agreed that the interpretation made by the Court was fair and correct, but that he did not remember agreeing to the actual interpretation."

The Civil Practice Act provides that a court shall not, "after instructions are given, clarify, modify or in any manner explain them to the jury, otherwise than in writing, *unless the parties agree otherwise.*" (Italics added.) Ill. Rev. Stat., ch. 110, sec. 67(1) (1959). Thus the Civil Practice Act recognizes that by agreement the parties may waive their objection to such practice. We hold that Oda Harris by his attorney agreed to the court's interpreting the instruction to the foreman of the jury. Moreover, it is fair to assume that what the court said and did on that occasion was in no wise prejudicial to plaintiff Oda Harris. If it were otherwise, his attorney should have objected.

Appellants cite cases prior to the decision rendered in People v. Brothers, 347 Ill. 530, 180 N. E. 442. In that case all the law as it existed prior thereto with respect to that question was reviewed, and the court came to the conclusion that while the privacy of jury deliberations should be zealously protected against invasion, the cardinal test is whether the invasion was calculated to influence the verdict of the jury. People v. Tilley, 411 Ill. 473, 104 N.E.2d 499, reaffirmed the decision in that case. We had occasion to consider the same question in Emme v. Pennsylvania R. Co., 29 Ill App2d 97, 172 NE2d 507, and followed the law as established by those cases. The question of prejudice does not arise in the instant case because Harris's lawyer, by consenting to the court's instructing the jury in the manner now complained of, thereby foreclosed him from raising that question.

The next error assigned on behalf of Oda Harris is that the court gave the jury insufficient and improper forms of verdict, considering the number of plain-

tiffs and their legal status under the law. It appears that the court gave a form of guilty verdict as to each of the plaintiffs and one form only of a not guilty verdict. The record does not show that any objection was made by the parties to the forms of verdict submitted to the jury at the time nor were any different forms of verdict tendered by counsel. The point was made, however, on motion for a new trial.

The law is meager in defining the respective duties of court and counsel in the submission of forms of verdict to the jury. In a case arising in Illinois decided by the Court of Appeals for the 7th Circuit, Hamilton Inv. Co. v. Bollman, 268 Fed. 788–89 (cert. denied 41 S. Ct. 376, 255 U. S. 571) the court held that:

> "Responsibility for returning a true verdict was on the jury. It was a matter of accommodation, not of legal requirement, that led the judge to supply blank forms."

On the other hand, it has been held by the Court of Appeals for the 9th Circuit in a case arising in Alaska, Hager v. Gordon, 171 F.2d 90, that the furnishing of proper forms of verdict was the province and duty of the trial court.

In Miller v. Green, 345 Ill. App. 255, 103 N.E.2d 188, we held that error with respect to forms of verdict cannot be argued on appeal where the question was not raised at the time and no error was preserved by motion for a new trial. We construe this to mean that the objection must be made at the time of trial and preserved on the motion for new trial.

In Woods v. McCrimmin, 204 Ill. App. 399 (Abst. Opinion) complaint was made with respect to a finding of malice contained in a form of verdict. The court nevertheless affirmed the judgment, saying:

"No instruction was requested to eliminate the charge of malice . . . nor was any objection to the form of the verdict made in the court below; . . . . 38 Cyc. 1904, and cases there cited."

In Racine Fuel Co. v. Rawlins, 377 Ill. 375, 36 N.E.2d 710, special interrogatories were given and it was charged as error that those interrogatories had not been submitted to opposing counsel in accordance with the provisions of the Practice Act. The court held that while the submission of such special interrogatories to opposing counsel is mandatory, no error could be predicated thereon since no objection had been made thereto by counsel for the defendant at the time of the oral arguments when plaintiff's counsel mentioned it to the jury nor when the instructions were read.

██ It can be argued that the giving of six guilty verdicts and one not guilty verdict heavily weighted the instant case in favor of plaintiffs rather than defendants. Some or all of plaintiffs' counsel may have viewed it that way at the time the forms of verdict were submitted to the jury. Six plaintiffs and two defendants present a case in which a large number of verdicts could have been submitted if the possibilities were exhausted and this in itself would be confusing to the ordinary jury. It is desirable that in such a case the total number be reduced by the extent to which the lawyers for the respective parties are satisfied that, in the nature of the issues involved, a lesser number would serve the purpose. Lawyers in such a case should prepare their forms in advance, as is frequently done, and tender them to the court or be prepared to make suggestions to the court, and then, as is often the practice, cooperate with the court in submitting agreed forms of verdict.

 We hold that the respective parties must present their objections to the forms of verdict at the time of trial and submit the forms they desire. If they do not do so, they may not later raise error with respect thereto.

Judgment affirmed.

McCORMICK and DEMPSEY, JJ., concur.