FRANK PUTZ, Plaintiff-Appellant, *v.* WARREN J. SCHULTE *et al.*, d/b/a McCandless-Schulte Development Company, Defendants-Appellees.

Fifth District    No. 80-519

Opinion filed February 11, 1982.

Gomric, Kurowski & Donovan, of Belleville (John J. Kurowski, of counsel), for appellant.

James W. McRoberts, Jr., of McRoberts, Sheppard, McRoberts & Wimmer, P. C., of East St. Louis, for appellees.

JUSTICE JONES delivered the opinion of the court:

The sole issue presented in this appeal is whether the trial court had jurisdiction to enter a post-judgment order expunging from its judgment a provision that defendants were to refund to plaintiff a deposit of $3000 made upon a real estate purchase agreement. We are asked to re-examine the holding of this court in *Stotlar v. Stotlar* (1977), 50 Ill. App. 3d 790, 365 N.E.2d 1097, that a party who seeks post-judgment relief must file a post-trial motion within 30 days after entry of the judgment, or within a court-authorized extension thereof, and that the time for filing of the

post-trial motion is not extended by the timely filing of a post-trial motion by another party.

The action was for specific performance of a contract for the sale of real estate. A trial was had before the court sitting without a jury. On April 12, 1979, the court entered judgment for the defendants on plaintiff's suit for specific performance but included in the judgment a proviso that defendants were to return to plaintiff his $3000 down payment. On May 11, 1979, 29 days following entry of judgment, the plaintiff filed a post-trial motion seeking relief from the judgment for defendants on the issue of specific performance. On May 25, 1979, 43 days following entry of the judgment, the defendants filed a post-trial motion seeking relief from the judgment directing the return of the $3000 down payment. On May 31, 1979, the plaintiff filed a motion to strike defendants' post-trial motion because it was not timely filed. On the same day the court denied plaintiff's post-trial motion, reserved ruling on plaintiff's motion to strike defendants' post-trial motion and called for briefs. On August 31, 1979, the court denied plaintiff's motion to strike defendants' post-trial motion, relying upon *City of DeKalb v. Anderson* (1974), 22 Ill. App. 3d 40, 316 N.E.2d 653. On October 22, 1980, the court granted defendants' post-trial motion. Plaintiff now appeals the May 31, 1979, order of the trial court denying his motion to strike defendants' post-trial motion and the October 22, 1980, order granting defendants' post-trial motion. We find that the trial court had lost jurisdiction to consider defendants' late-filed post-trial motion and, accordingly, reverse the two orders which are appealed.

Section 68.3(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.3(1)) states:

> "In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief."

In *Stotlar v. Stotlar* (1977), 50 Ill. App. 3d 790, 365 N.E.2d 1097, a divorce case, both the husband and the wife sought post-trial relief from the decree entered by the trial court. The wife's post-trial motion was timely filed, that is, filed within 30 days after entry of the decree. The husband's post-trial motion was not filed until 130 days following entry of the decree. The trial court granted the wife's motion to strike the husband's post-trial motion for the reason that it was not timely under section 68.3 of the Civil Practice Act. On appeal the husband contended that the trial court erred in striking his post-trial motion; he argued that the trial court had discretion and power, which it abused, to allow his post-

trial motion by considering it as amendatory of or supplementary to the timely filed post-trial motion of his wife. The defendant husband relied on two cases, principally *City of DeKalb v. Anderson.* We held the action of the trial court in dismissing the husband's late-filed post-trial motion proper, saying:

"Those cases do not suggest that a party may choose to ignore the time provision of section 68.3 and rely upon the diligence of his opposing party in complying with the rule to provide him with extra time to consider grounds for post-trial relief by filing a motion which is 'amendatory' or 'supplementary' to his adversary's motion. In both of these cases, the party whose motion, made after the 30-day period, was considered as an amendment or supplement had filed a timely post-trial motion in the first instance, and the subsequent motion was considered as amending his own prior motion. This is certainly not the situation here. Consequently, we find that Dr. Stotlar's post-trial motion was properly denied as not being timely filed." *Stotlar v. Stotlar* (1977), 50 Ill. App. 3d 790, 794-95, 365 N.E.2d 1097, 1100-01.

Defendants now urge us to decline to follow *Stotlar* and instead to follow *City of DeKalb* by permitting the filing of a post-trial motion after the expiration of the 30 days prescribed by section 68.3 whenever another party to the action has timely filed a post-trial motion. They argue that "if a motion is filed within that 30-day period 'for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief,' the trial court retains jurisdiction of the judgment beyond the 30-day period until he rules on the motion."

██ The *City of DeKalb* case can be of no avail to defendant because the court there made it plain that its result was premised upon the fact that both parties had timely filed a post-trial motion. "Under such circumstances," the court said, "we are of the opinion that until the last timely filed post-trial motion has been passed upon, the court retains complete jurisdiction over the final order under attack to rectify any errors that may have been brought to its attention." *DeKalb* was concerned with section 68.1(3) of the Civil Practice Act, applicable to cases tried by a jury. While our concern in the case at bar is with section 68.3, applicable to cases tried without a jury, the prescriptions of filing time for post-trial motions are the same. Court decisions interpreting applications of the parallel statutes are mutually supporting as authority.

We think the dissent in the *DeKalb* case points up the narrowness of the decision and shows it to be in accord with our holding in the case at bar.

"The majority opinion agrees that a successive post-trial motion filed beyond the 30 days does not continue the jurisdiction of the

trial court (see *Deckard v. Joiner* (1970), 44 Ill. 2d 412; *In re Estate of Schwarz* (1965), 63 Ill. App. 2d 456; *Weaver v. Bolton* (1965), 61 Ill. App. 2d 98). But it apparently assumes that defendants may properly file or reinstate post-trial motions after 30 days from the July 10 judgment which could otherwise not be considered, due to the fortuitous circumstance that another party has a timely post-trial motion pending. Section 68.1(3) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 68.1(3)), however, provides that post-trial motions must be filed within 30 days after entry of judgment or within any further time the court may allow within the 30 days or extensions thereof. There is no exception evident to this rule of procedure that because one party has timely filed his post-trial motion, others need not do so. (*Pruitt v. Motor Cargo, Inc.* (1961), 30 Ill. App. 2d 222; *Rosenberg v. Stern* (1898), 77 Ill. App. 248, *aff'd*, 177 Ill. 437.)" *City of DeKalb v. Anderson* (1974), 22 Ill. App. 3d 40, 44, 136 N.E.2d 653, 657 (dissent of Mr. Justice Seidenfeld).

Our interpretation of the *DeKalb* case was adopted in *Jurgens v. Eads* (1978), 67 Ill. App. 3d 52, 383 N.E.2d 1003.

In *Pruitt v. Motor Cargo, Inc.* (1961), 30 Ill. App. 2d 222, 173 N.E.2d 851, six plaintiffs sought to appeal from an adverse verdict in a personal injury action. Only one, Oda Harris, timely filed a post-trial motion. Other plaintiffs filed a post-trial motion nine days after the expiration of the prescribed 30-day period. By an order entered after the 30-day period, the trial court certified that the late-filing plaintiffs were included in the timely filed post-trial motion of Oda Harris. The arrangement was rejected:

> "From the foregoing, it is clear that Oda Harris was the only one of the plaintiffs who filed his post trial motion and his notice of appeal within the time allowed by statute and the rules of court. The trial court in a generous effort to preserve the right of appeal of the other plaintiffs, entered the confusing orders referred to, but this was in violation of the provisions of the act as interpreted by the Supreme and Appellate courts as we later show." *Pruitt v. Motor Cargo, Inc.* (1961), 30 Ill. App. 2d 222, 226-27, 173 N.E.2d 851, 853.

We do not believe our perception of the rule requiring each party to file his post-trial motion within 30 days (or such extension as may be allowed by the court upon motion filed within 30 days) after entry of the judgment sought to be attacked or appealed is unduly technical.

> "It is true, as plaintiffs have urged, that the courts of this state are loath to deny an appeal on the basis of a failure to comply with technical requirements. But both legislature and courts have recognized that this policy should not be pursued to the point where the

stability of judgments is impaired. In only a small percentage of cases are the processes of appeal invoked, and if terminal dates were not fixed and observed, all judgments would be subjected for an indefinite period to challenge by post trial procedures." *Pruitt v. Motor Cargo, Inc.* (1961), 30 Ill. App. 2d 222, 227, 173 N.E.2d 851, 853.

■■ The rationale for defendants' position is that once any party files a post-trial motion in a timely manner the jurisdiction of the court over that case is preserved for all purposes, including the filing of a post-trial motion more than 30 days after entry of the judgment sought to be attacked or appealed. The rationale and the rule it fosters are not without attraction, especially in a two-party case. Nevertheless, the argument must be unavailing. The statute (Ill. Rev. Stat. 1979, ch. 110, par. 68.3) makes no exceptions to the 30-day requirement, and the orderly disposition of cases at the post-trial stage in the trial court, and at the appellate stage, compels strict adherence to the requirement of the statute.

The effect of permitting the late filing of defendants' post-trial motion would be a stacking of 30-day periods for permissible filing. Such measures would lead to a host of problems and wreak havoc with post-trial procedure and the appellate process. To give but one instance, in cases involving multiple parties, or complex litigation, successive filings of post-trial motions, in effect, a stacking of permissible filing intervals, could bring about lengthy delay and uncertainty. Finality would be elusive and courts would all but lose control of their proceedings. Such a circumstance, a definite possibility under the rule advocated by the defendants, was neither the intent nor purpose of section 68.3.

■■ Defendants call our attention to *In re Marriage of Parello* (1980), 87 Ill. App. 3d 926, 409 N.E.2d 461, and *Welch v. Ro-Mark, Inc.* (1979), 79 Ill. App. 3d 652, 398 N.E.2d 901, which arguably support their position. These cases seem to stand for the proposition that until a timely filed post-trial motion is disposed of, a trial court retains jurisdiction of the case to amend the judgment upon his own motion although the subject of his amendment was not presented in the post-trial motion. If we err in our assessment of these cases, then we can only observe that the facts presented in them did not engender full consideration of the problem we have considered in the case at bar. In any event, there is nothing in those cases that would dissuade us from adhering to the rule of *Stotlar v. Stotlar.*

For the foregoing reasons we reverse the orders of the trial court which denied plaintiff's motion to strike defendants' late-filed post-trial motion and which granted defendants' post-trial motion.

Reversed.

KARNS, P. J., and KASSERMAN, J., concur.