(No. 57904.—

*In re* MARRIAGE OF CYNTHIA KAY UPHOFF, Appellant and Cross-Appellee, and DAVID MICHAEL UPHOFF, Appellee and Cross-Appellant.

*Opinion filed December 1, 1983.*

Duane D. Young, of Costello, Long, Young & Metnick, of Springfield, for appellant and cross-appellee.

Thomas J. Logue, of Glenn & Logue, of Mattoon, for appellee and cross-appellant.

JUSTICE MORAN delivered the opinion of the court:

On January 4, 1982, the circuit court of Coles County entered a judgment of dissolution of marriage in this case. Both parties appealed from the second part of the bifurcated proceedings, which dealt with property distribution, maintenance and child support. A majority of the appellate court found the appeal of the plaintiff, Cynthia Kay Uphoff, untimely and, therefore, dismissed her appeal for lack of jurisdiction. As such, the appellate court heard only the appeal of the defendant, David Michael Uphoff, and remanded the cause to the trial court to enter a new order of property distribution, maintenance and child support. A petition for rehearing was denied. (110 Ill. App. 3d 608.) This court granted leave to appeal.

The sole issue on appeal is whether the appellate court erred in finding plaintiff's notice of appeal untimely.

The relevant facts in this case center on a series of post-trial steps taken by the parties following the January 4, 1982, circuit court judgment. Defendant filed a post-trial motion on January 22, 1982. Plaintiff filed her post-trial motion on February 5, 1982, one day after the 30-day statutory period within which to file such a motion. (Ill. Rev. Stat. 1979, ch. 110, par. 68.3.) Both post-

trial motions were denied by the trial court on March 26, 1982. Within 30 days of this order, on April 22, 1982, the plaintiff filed her notice of appeal. The defendant filed his notice of cross-appeal later that same day.

The appellate court entered a rule upon plaintiff to show cause why her appeal should not be dismissed. The majority opinion found that because plaintiff's post-trial motion was untimely, "the judgment was not stayed and a notice of appeal on April 22 from a judgment entered January 4 was likewise untimely." 110 Ill. App. 3d 608, 609.

The dissent focused on the express verbiage of Supreme Court Rule 303(a) (87 Ill. 2d R. 303(a)), in force at that time and since amended, which stated in relevant part:

"[T]he notice of appeal must be filed *** within 30 days after the entry of the final judgment appealed from, or, if *a* timely post-trial motion directed against the judgment is filed, whether in a jury or nonjury case, within 30 days after the entry of the order disposing of the motion." (Emphasis added.)

Because the rule refers only to "a" timely post-trial motion, the dissent found plaintiff's notice of appeal timely since it was filed within 30 days after the ruling on defendant's post-trial motion.

The precise question here has never been ruled upon. Specifically, May a party perfect an appeal by filing a timely notice of appeal from the disposition of the opposing party's post-trial motion? Reaching the answer to this question requires an interpretation of Supreme Court Rule 303(a) (87 Ill. 2d R. 303(a)) prior to its amendment effective October 1, 1983. Further, it is necessary to refer to our decision in *Elliott v. Willis* (1982), 92 Ill. 2d 530.

*Elliott* was a wrongful death action. The plaintiff filed a post-trial motion the day after the trial court's judgment

order was entered. This post-trial motion was denied and plaintiff immediately filed a notice of appeal. The defendants filed a post-trial motion the following day, which was within 30 days of the original trial court judgment. Following the denial of this post-trial motion, defendants filed a notice of appeal. The appellate court found that under Rule 303(a) one party's filing of a notice of appeal divests the trial court of jurisdiction to pass on the opposing party's post-trial motion. As such, it held defendant's notice of appeal, based on the denial of its post-trial motion, was untimely.

In reversing the appellate court, this court found that the filing of a notice of appeal by one party does not cut off the right of another party to file a timely post-trial motion. "Although the jurisdiction of the appellate court attaches instanter upon the filing of a notice of appeal [citation], we find that the circuit court retained jurisdiction to hear the defendants' post-trial motion ***." (92 Ill. 2d 530, 543-44.) Since defendant's notice of appeal was filed "within 30 days after the entry of the order disposing of the [post-trial] motion" (87 Ill. 2d R. 303(a)), the notice of appeal was found to be proper.

The majority opinion in the instant case found that "*Elliott* made clear that the trial court retains jurisdiction to dispose of all timely post-trial motions, even though the dispositions are *seriatim*. It did not say that the trial court retains general jurisdiction until all such timely motions are disposed of ***." (110 Ill. App. 3d 608, 610.) The majority found that *Elliott* did not change the "fundamental principle" that a party must either file a post-trial motion or a notice of appeal within 30 days of the entry of the judgment appealed.

The appellate court misconstrues our decision in *Elliott* as well as the clear language of Rule 303(a) (87 Ill. 2d R. 303(a)). Neither *Elliott* nor Rule 303(a) would indicate that

plaintiff's notice of appeal was not timely. *Elliott* clarified the fact that a party's opportunity to file a timely post-trial motion is not lost because an opposing party files a notice of appeal. Implicit in the decision is the court's retention of complete jurisdiction until after the disposition of the last timely post-trial motion. As long as any party's timely post-trial motion remains undisposed, the underlying judgment is not final, notice of appeal is premature and complete jurisdiction remains in the circuit court. (*City of De-Kalb v. Anderson* (1974), 22 Ill. App. 3d 40, 43-44.) Here, plaintiff's untimely post-trial motion is irrelevant regarding the timeliness of her notice of appeal. Had she filed a notice of appeal prior to the trial court's disposition of defendant's timely post-trial motion, the notice would have been premature, since no final judgment had been entered.

The finding of the majority opinion of the appellate court in the instant case that appellant was limited to filing either a post-trial motion or a notice of appeal within 30 days of the judgment appealed is, generally, a correct statement. The 30-day period for filing of a notice of appeal, however, runs from *final* judgment which, in the instant case, was March 26, 1982—the day the circuit court disposed of the last pending post-trial motion. "Such a motion not only extends the circuit court's jurisdiction, but also extends the appellate court's potential jurisdiction, the time within which a notice of appeal may be filed, until 30 days after the motion is denied." (*Sears v. Sears* (1981), 85 Ill. 2d 253, 258.) Thus, notice of appeal filed by plaintiff on April 22, 1982, was timely since it was within the 30-day period required by Rule 303(a) (87 Ill. 2d R. 303(a)).

Our Rule 303 (87 Ill. 2d R. 303) has been amended and, as noted above, became effective on October 1, 1983 (94 Ill. 2d R. 303). As amended, Rule 303 addresses the issue confronted in the instant case. The earlier version of Rule 303 (87 Ill. 2d R. 303(a)) stated that notice of appeal had to

be filed "within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the *motion.*" (Emphasis added.) The amended version replaces the emphasized word "motion" with "last-pending post-trial motion." (94 Ill. 2d R. 303(a)(1).) In so doing, the rule makes it clear that the time to appeal begins to run *only* after the court has disposed of the last timely post-trial motion—in this instance, the defendant's post-trial motion.

Since the only issue raised on review is the propriety of the appellate court's dismissal of plaintiff's appeal, that portion of the appellate court judgment dismissing plaintiff's appeal is reversed. The balance of the appellate court judgment is vacated, and the cause is remanded to the appellate court for reconsideration of the issues raised in the appeal and cross-appeal.

*Reversed in part and vacated
in part and remanded.*