NO. 5-95-0594

                                  IN THE 

                        APPELLATE COURT OF ILLINOIS

                              FIFTH DISTRICT

_________________________________________________________________

JANET SPURGEON,                      )  Appeal from the 

                                     )  Circuit Court of

     Plaintiff-Appellee,             )  Madison County.  

                                     )

v.                                   )  No. 89-L-929

                                     )     

ALTON MEMORIAL HOSPITAL and ALTON    )

MEMORIAL HEALTH SYSTEMS, INC.,       )  Honorable

                                     )  George J. Moran, 

     Defendants-Appellants.          )  Judge, presiding.  

_________________________________________________________________

     JUSTICE GOLDENHERSH delivered the opinion of the court: 

     Defendants, Alton Memorial Hospital (hereinafter the hospital)

and Alton Memorial Health Systems, Inc. (hereinafter Health

Systems), appeal from an order of the circuit court of Madison

County granting plaintiff, Janet Spurgeon, a new trial.  On appeal,

defendants raise four issues, specifically: (1) whether the trial

court exceeded its jurisdiction in granting plaintiff a new trial; 

(2) whether the trial court erred in granting plaintiff's motion

for a new trial based upon the record and the evidence adduced at

trial; (3) whether the trial court erred in allowing plaintiff to

add the hospital as a defendant; and (4) whether the trial court

erred by not entering a judgment in favor of defendants for costs

but rather ordering each party to pay its own costs.  We affirm.

                                   FACTS

     Plaintiff originally filed her complaint on September 8, 1989,

against Health Systems for injuries she sustained in a slip and

fall on a parking lot at Health Systems' place of business.  Health

Systems filed a timely answer denying plaintiff's allegations of

negligence and damages and later filed an amended answer in which

it asserted the affirmative defense of contributory fault. 

Discovery ensued.  In answers to plaintiff's interrogatories,

Health Systems identified the owner of the premises in issue as

Alton Memorial Hospital, Inc.  Health Systems freely admits that

its answer was incorrect to the extent that "Inc." should not have

been included, as the hospital is not incorporated.  In any event,

Health Systems continued to produce hospital records and hospital 

employees for depositions as requested by plaintiff.

     On December 2, 1991, the cause came for trial.  On that date,

plaintiff learned that Health Systems did not, in fact, own the

premises where the alleged injury occurred, but that the hospital

owned the premises.  On that date, plaintiff added the hospital as

a defendant, and the cause was continued to May 1992.  On January

30, 1992, the hospital filed a motion to dismiss on the basis that

plaintiff failed to name it as a defendant within the applicable

statutory limitation period.  The hospital's motion to dismiss was

denied.

     The cause was tried in April 1994.  The jury returned a

verdict in favor of both defendants, and the trial court entered

judgment on the verdict on April 21, 1994.  On May 5, 1994,

plaintiff filed a motion for extension of time to file a posttrial

motion.  On May 19, 1994, defendants moved for an extension of time

to file their response to plaintiff's posttrial motion and motion

for sanctions should the trial court grant plaintiff the additional

time she requested.  Also on May 19, 1994, defendants filed a

motion for reconsideration regarding the trial court's award of

costs.  The motion for extension of time was not ruled on in

writing by the trial court until May 31, 1994, at which time the

trial court granted the motion.  

     On June 30, 1994, plaintiff filed a motion for judgment

notwithstanding the verdict or for a new trial and for sanctions. 

On July 28, 1994, defendants filed a motion to strike plaintiff's

posttrial motions on the basis that they were not timely. 

Defendants also filed an alternative memorandum in opposition to

plaintiff's motion for judgment notwithstanding the verdict or for

a new trial.  On December 7, 1994, the trial court denied

defendants' motion to strike and reset plaintiff's posttrial

motion.  Thereafter, on June 30, 1995, the trial court heard oral

arguments on said motion.  On July 14, 1995, the trial court

entered an order granting plaintiff's motion for a new trial,

denying plaintiff's motion for judgment notwithstanding the

verdict, and denying all parties' motions for sanctions and costs. 

Defendants now appeal.  

                                  ISSUES

                                     I

     The first issue we are asked to address is whether the trial

court exceeded its jurisdiction in granting plaintiff a new trial. 

Defendants assert that the trial court erred in considering and

then granting plaintiff's motion for a new trial because the trial

court was without jurisdiction, as plaintiff failed to file a

motion for a new trial within 30 days after the entry of such

judgment and because no extension of time was granted within 30

days following the entry of judgment.  Plaintiff responds that the

trial court had jurisdiction at the time it granted plaintiff's

motion for extension of time to file her posttrial motion because

defendants filed a timely posttrial motion for reconsideration on

the issue of costs, which stayed enforcement of the judgment,

thereby leaving jurisdiction with the trial court until 30 days

after being ruled upon.  The motion for reconsideration of costs

was ruled upon on July 14, 1995, well within the time in which

plaintiff was granted an extension.  We agree with plaintiff.

     Section 2-1202(c) of the Code of Civil Procedure (the Code)

provides, in pertinent part:

          "(c) Post-trial motions must be filed within 30 days

     after the entry of judgment or the discharge of the jury, if

     no verdict is reached, or within any further time the court

     may allow within the 30 days or any extensions thereof."  735

     ILCS 5/2-1202(c) (West 1994).

     In Kwak v. St. Anthony De Padua Hospital, 54 Ill. App. 3d 719,

369 N.E.2d 1346 (1977), our colleagues on the First District

Appellate Court, relying on the above language, held that a

posttrial motion was not timely filed even though a motion for

extension of time was timely filed in the case, because the motion

for extension of time was not granted until after 30 days from the

entry of final judgment.  Kwak was a medical malpractice case in

which the trial court entered summary judgment in favor of the

defendant hospital on January 26, 1976, and thereafter directed a

verdict in favor of a second defendant, a doctor, on January 29,

1976.  Kwak, 54 Ill. App. 3d at 723, 369 N.E.2d at 1349.  Both

judgments became final on those days.  The Kwak court specifically

stated:

     "As the judgments of January 26 and 29 were at all times

     final, the jurisdiction of the trial court could be extended

     beyond February 25 and 28 only if prior to these dates a post-

     trial motion had been filed or the trial court had allowed an

     extension of time within which to file such motion.  Plaintiff

     having accomplished neither prior to February 25 or 28, the

     trial court was without jurisdiction to entertain her motion

     on March 10."  Kwak, 54 Ill. App. 3d at 724, 369 N.E.2d at

     1350.

In our estimation, we need not go so far as to either agree or

disagree with our colleagues in the First District because the

instant case is distinguishable from Kwak.

     Here, defendants filed their own posttrial motion for

reconsideration on the issue of costs.  Verdict was entered on

April 21, 1994.  Plaintiff filed a motion for extension of time to

file a posttrial motion on May 5, 1994.  On May 19, 1994, defen-

dants filed a motion for reconsideration regarding the trial

court's award of costs.  The trial court, in a written order,

granted plaintiff's motion for extension of time on May 31, 1994,

but did not rule upon the motion for costs until July 14, 1995.  

     We agree that it is generally true that an appellant is

limited to filing either a posttrial motion or a notice of appeal

within 30 days of the entry of judgment.  In re Marriage of Uphoff,

99 Ill. 2d 90, 94, 457 N.E.2d 426, 428 (1983).  Notwithstanding

this general rule, as long as any party's posttrial motion remains

undisposed, the underlying judgment is not final, notice of appeal

is premature, and complete jurisdiction remains with the circuit

court.  Uphoff, 99 Ill. 2d at 95, 457 N.E.2d at 428 (citing City of

DeKalb v. Anderson, 22 Ill. App. 3d 40, 43-44, 316 N.E.2d 653, 656 

(1974)).  Therefore, under the circumstances presented here, where

defendants filed a motion to reconsider the issue of costs, we find

that the facts are distinguishable from Kwak and that the trial

court retained jurisdiction to grant plaintiff an extension of time

to file her posttrial motion and to ultimately grant plaintiff a

new trial.

     Defendant cites Putz v. Schulte, 104 Ill. App. 3d 128, 432

N.E.2d 1070 (1982), in which we determined that the statute

providing time limits for posttrial motions in nonjury cases (Ill.

Rev. Stat. 1979, ch. 110, par. 68.3(1) (now 735 ILCS 5/2-1203(a)

(West 1994))) requires that a party seeking postjudgment relief

must file a posttrial motion within 30 days after entry of the

judgment, and time for the filing the posttrial motion is not

extended by the timely filing of a posttrial motion by another

party.  We specifically rejected any "stacking" of time by stating,

in pertinent part:

          "The effect of permitting the late filing of defendants'

     post-trial motion would be a stacking of 30-day periods for

     permissible filing.  Such measures would lead to a host of

     problems and wreak havoc with post-trial procedure and the

     appellate process."  Putz, 104 Ill. App. 3d at 132, 432 N.E.2d

     at 1073.  

While we still agree with our decision in Putz, the instant case

offers a new twist.  In Putz, the defendants filed their posttrial

motion 43 days following entry of judgment (Putz, 104 Ill. App. 3d

at 129, 432 N.E.2d at 1071), whereas in the instant case, plaintiff

filed a motion for extension of time 14 days following entry of

judgment, and, through no fault of her own, such motion was not

ruled upon until after the expiration of 30 days from the entry of

judgment.  Plaintiff even contends that the trial court orally

granted an extension of time, and defendants did not deny this

allegation.  It is clear that plaintiff made every effort to comply

with section 2-1202(c) of the Code.  Furthermore, the trial court

retained jurisdiction at the time it granted plaintiff an extension

by virtue of the fact that judgment was not final since the issue

of costs was still open.

                                    II

     The second issue we are asked to consider is whether the trial

court erred in granting a new trial based upon the record and

evidence adduced at trial.  Defendants contend that granting

plaintiff's motion for a new trial was an abuse of discretion and

contrary to the law and the facts as established by the record.  We

disagree.

     Here, the trial court granted plaintiff a new trial after

concluding it erred (1) by not allowing the testimony of plain-

tiff's investigator, Darrell Cooper, (2) by allowing defense

counsel during his closing statement to misstate Illinois law as it

applies to the case at bar, and (3) because the testimony of Ron

McMullen, a registered agent for both defendants, was highly

questionable, and plaintiff might be able to obtain further

evidence from McMullen in support of her claim if a new trial were 

granted.  Additionally, the trial court noted that substantial 

evidence was presented that could lead a jury to render a verdict

for plaintiff and that the exclusion of the testimony of Darrell

Cooper, who would have testified that defendants were aware prior

to plaintiff's fall that the area in which plaintiff fell was a

problem area in terms of forming ice, substantially prejudiced

plaintiff.  

     It is well settled that the allowance of a motion for a new

trial is within the trial court's discretion, and its decision to

grant a new trial will not be disturbed absent a clear abuse of

that discretion.  Klatt v. Commonwealth Edison Co., 33 Ill. 2d 481,

211 N.E.2d 720 (1965); Lewis v. Cotton Belt Route--St. Louis

Southwestern Ry., 217 Ill. App. 3d 94, 119, 576 N.E.2d 918, 937

(1991); Ervin v. Sears, Roebuck & Co., 65 Ill. 2d 140, 357 N.E.2d

500 (1976).  Here, after reviewing the record and the trial court's

order granting plaintiff a new trial, we cannot say that the trial

court abused its discretion.

     First, as to the exclusion of Darrell Cooper's testimony, the

record supports the trial court's determination that Cooper's

testimony might lead a jury to conclude that defendants were aware

that the area in which plaintiff fell was a problem in terms of 

formation of ice.  Accordingly, plaintiff was prejudiced by the

exclusion of Cooper's testimony. 

     Second, a review of defense counsel's closing argument shows 

defense counsel misstated the law during closing argument.  Defense

counsel stated, inter alia, "unnatural, artificial, the point is if

in making their efforts to clear off snow they left some snow

behind and she fell on that, there's no liability to the hospital." 

After an objection by plaintiff's counsel, which was overruled,

defense counsel went on to state, "if in plowing the lot we left

some snow or ice behind, there's no liability as to the hospital

***."  While it is true that attorneys are allowed broad latitude

in drawing reasonable inferences and conclusions from the evidence

during closing argument (Tonerelli v. Gibbons, 121 Ill. App. 3d

1042, 1049, 460 N.E.2d 464, 469 (1984)), we, nevertheless, agree

with the trial court that the above statements are a misstatement

of the law in Illinois and severely prejudiced plaintiff. 

Defendants freely admitted that they removed snow and ice from the

parking lot in issue.  In doing so, they had a duty to correctly

remove the snow.  DeMario v. Sears, Roebuck & Co., 6 Ill. App. 3d

46, 284 N.E.2d 330 (1972).  Defense counsel's generalized statement

that it is perfectly acceptable to leave behind snow or ice after

a removal attempt is made is an incorrect statement of the law, as 

the issue involved in this case was whether the ice where plaintiff

fell should or could have been removed or was created by

defendants' negligent removal.

     Defendants cite to Stiles v. Panorama Lanes, Inc., 107 Ill.

App. 3d 896, 438 N.E.2d 241 (1982), in support of their contention

that the aforementioned statements were correct and not prejudi-

cial.  However, Stiles is distinguishable from the case at bar.  In

Stiles, this court found that defendant did not create any

unnatural accumulation of snow and ice by allowing motor vehicles

to come on the parking lot, and the resulting icy ruts caused by

automobile tires were found to be a natural ice formation.  Stiles,

107 Ill. App. 3d at 900, 438 N.E.2d at 243-44.  Tire ruts, however,

are no part of the factual scenario of the instant action.  The

question here remains whether the snow was improperly removed,

causing the formation of ice on which plaintiff fell.

     Finally, on this issue, defendants complain that the credibil-

ity or believability of their employee, Ronald McMullen, was a

determination to be made by the jury and not a basis for granting

plaintiff a new trial.  However, our review of the trial court's

order indicates that plaintiff was not granted a new trial on this

basis.  The trial court noted that one of the benefits in granting

plaintiff a new trial on other issues would be for plaintiff to

have another chance to obtain additional information from McMullen,

information which was previously and somewhat questionably not

disclosed.

     The trial court stated:

          "C. The Court finds the testimony of Ron McMullen, regis-

     tered agent for both Defendants, highly questionable.  It is

     difficult for the Court to understand how a registered agent

     for a corporation would not know who the president of the

     corporation is when he himself was the prior president and

     director coupled with the fact that his office is located on

     the premises of the corporations for which he claims no such

     knowledge.  However, Plaintiff fails to show how this testimo-

     ny prejudices him except to say he may not have received some

     information that he would have obtained but for Ron McMullen's

     testimony.  Plaintiff may yet obtain further evidence in

     support of her claim through discovery if a new trial is

     granted."

Defendants are correct that the credibility of witnesses is a

determination to be made by the trier of fact, the jury herein. 

Rodgers v. Withers, 229 Ill. App. 3d 246, 249, 593 N.E.2d 669, 672

(1992).  Nevertheless, we do not believe that the above language

requires us to reverse the trial court's determination to grant

plaintiff a new trial because we are certain that the trial court

granted plaintiff a new trial on grounds other than McMullen's

testimony.

                                    III

     The third issue, raised specifically by the hospital, is

whether the trial court erred in allowing plaintiff to add the

hospital as a defendant.  The hospital contends that the trial

court erred in allowing plaintiff to file an amended petition

naming it as a defendant and in denying its motion to dismiss,

first, because plaintiff's claim against the hospital was barred by

the two-year statute of limitations, and second, because no

exception to the statute of limitations defense existed because

plaintiff had actual notice of the hospital's ownership of the

parking lot.  The hospital contends that because of Health Systems'

answer to plaintiff's complaint, along with several of Health

Systems' answers to plaintiff's interrogatories, plaintiff was

advised 1½ years prior to the expiration of the statute of

limitations that the hospital, or at least some party other than

Health Systems, owned and maintained the lot and, therefore, the

trial court's decision to grant plaintiff's oral motion to add the

hospital as a defendant was a clear abuse of discretion.  Plaintiff

replies that the trial court was acting within reasonable bounds of

discretion in allowing her to amend her complaint to add the

hospital because Health Systems improperly stated the name of the

corporation in answers to interrogatories.  In addition, plaintiff

asserts that Health Systems, in a number of pleadings and letters,

identified itself as Alton Memorial Hospital, produced all

employees of the hospital, and provided plaintiff's records from

the hospital.  Plaintiff insists that, based upon these facts, its

failure to join the hospital was inadvertent and the trial court

acted properly in allowing plaintiff to add the hospital as a

party.  We agree with plaintiff.

     The parties agree that section 2-616(d) of the Code governs

this issue:

          "(d)  A cause of action against a person not originally

     named a defendant is not barred by lapse of time under any

     statute or contract prescribing or limiting the time within

     which an action may be brought or right asserted, if all the

     following terms and conditions are met: (1) the time pre-

     scribed or limited had not expired when the original action

     was commenced; (2) failure to join the person as a defendant

     was inadvertent; (3) service of summons was in fact had upon

     the person, his or her agent or partner, as the nature of the

     defendant made appropriate, even though he or she was served

     in the wrong capacity ***; (4) the person, within the time

     that the action might have been brought or the right asserted

     against him or her, knew that the original action was pending

     and that it grew out of a transaction or occurrence involving

     or concerning him or her; and (5) it appears from the original

     and amended pleadings that the cause of action asserted in the

     amended pleading grew out of the same transaction or occur-

     rence set up in the original pleading ***."  735 ILCS 5/2-

     616(d) (West 1994).

The decision to allow amendments to pleadings to allow a new

defendant rests within the sound discretion of the trial court. 

Newey v. Newey, 215 Ill. App. 3d 993, 1005, 576 N.E.2d 137, 145 

(1991); Behr v. Club Med, Inc., 190 Ill. App. 3d 396, 406, 546

N.E.2d 751, 759 (1989).  Inadvertence, in the context of section 2-

616(d)(2) means excusable ignorance, not excusable failure to act

after the facts are discovered.  Zincoris v. Hobart Brothers Co.,

243 Ill. App. 3d 609, 614, 611 N.E.2d 1327, 1331 (1993).  Ignorance

connotes a lack of knowledge of the identity or existence of a

defendant.  Zincoris, 243 Ill. App. 3d at 614, 611 N.E.2d at 1331.

     In the instant case, we cannot say that the trial court's

finding that plaintiff's failure to add the hospital was inadver-

tent was incorrect.  First, Health Systems admits that in its

answers to interrogatories it incorrectly identified the owner of

the premises as Alton Memorial Hospital, Inc., when the hospital

was not incorporated.  Attempts by plaintiff to obtain the name of

the registered agent through the Secretary of State's Office were

futile, as there was no hospital by that name.  Second, Health

Systems' answers to not only the complaint, but also interroga-

tories, were written in such a way as to lead plaintiff to believe

that Health Systems was the only proper defendant.  For example, in

interrogatory number 27 plaintiff asked Health Systems the

following:  "When was the date and time of the last inspection by

the defendant, its agents or employees, of the physical site where

this accident occurred?"  Health Systems answered that

"[i]nspections were made on a regular basis at the roadways and

sidewalks during inclement weather."  In our estimation, this

answer indicates that Health Systems routinely made such inspec-

tions.  Third, the fact that Health Systems produced hospital

documents and employees for depositions without objection was

highly misleading to plaintiff.  An objection by Health Systems to

any such request would surely have alerted plaintiff that there was

indeed another defendant.  

     Finally, we would be remiss not to point out that the hospital

appears not to have been prejudiced by its late addition as a

party.  Prejudice and surprise are factors to be considered in

determining whether or not a motion to amend pleadings should be

allowed.  Shiner v. Friedman, 161 Ill. App. 3d 73, 80, 513 N.E.2d

862, 865 (1987).  The hospital used the same attorneys as Health

Systems and even joined Health Systems in submitting a brief in

this appeal.  Under these circumstances, we cannot say that the

trial court's determination to allow plaintiff to join the hospital

as a defendant was an abuse of its discretion.

     The final issue we are asked to consider is whether the trial

court erred by not entering a judgment in favor of defendants for

costs but rather ordering each party to pay its own costs.  Because

of our determination on the previous issues raised by defendants

and the fact that a new trial must be conducted, we need not

consider this issue.  

     For the foregoing reasons, the judgment of the circuit court

of Madison County is affirmed.

     Affirmed.

     KUEHN, P.J., and RARICK, J., concur.

                                      NO. 5-95-0594

                                     IN THE

                          APPELLATE COURT OF ILLINOIS

                                 FIFTH DISTRICT

___________________________________________________________________________

JANET SPURGEON,                      )  Appeal from the 

                                     )  Circuit Court of

     Plaintiff-Appellee,             )  Madison County.  

                                     )

v.                                   )  No. 89-L-929

                                     )     

ALTON MEMORIAL HOSPITAL and ALTON    )

MEMORIAL HEALTH SYSTEMS, INC.,       )  Honorable

                                     )  George J. Moran, 

     Defendants-Appellants.          )  Judge, presiding.  

___________________________________________________________________________

Opinion Filed:                 December 30, 1996

___________________________________________________________________________

Justices:      Honorable Richard P. Goldenhersh, J.

                         

               Honorable Clyde L. Kuehn, P.J.

               Honorable Philip J. Rarick, J.

               Concur

___________________________________________________________________________

                         

Attorneys      Sandberg, Phoenix & von Gontard, P.C., Ronald E. Fox, 

for            Stephen P. Niemira, One City Centre, 15th Floor, St. 

Appellants     Louis, MO  63101

___________________________________________________________________________

Attorneys      Hoefert & Perica, P.C., 1600 Washington Avenue, Alton, 

for            IL  62002

Appellee            

___________________________________________________________________________