12 January 2000

No.  2--99--0480

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

BURNIDGE CORPORATION, ) Appeal from the Circuit Court

) of Kane County.

Plaintiff-Appellant, ) 

) )

) No. 97--MR--408

  )

ROSCOE C. STELFORD, JR., ) Honorable

) Patrick J. Dixon,

Defendant-Appellee. ) Judge, Presiding.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, the Burnidge Corporation, appeals from the March 30, 1999, order of the circuit court of Kane County striking its "motion for clarification."  The plaintiff filed its "motion for clarification" more than 30 days after the trial court had entered a written order disposing of its complaint for declaratory judgment.  On appeal, the plaintiff argues that its motion was not an attack on the trial court's judgment and therefore did not have to be filed within 30 days from the date that the judgment was entered.  We affirm.

On November 20, 1997, the plaintiff filed a complaint for declaratory judgment seeking a determination of its rights and obligations in connection with an 1872 deed that contained an easement granting a "right of crossing" across the plaintiff's land in Kane County.  The defendant, Roscoe Stelford, Jr., owned property on either side of the plaintiff's lot and utilized the easement in order to move farm equipment across the plaintiff's land.  The plaintiff sought to subdivide and develop its land for residential use and sought a legal determination as to the continuing validity of the easement.

In its amended complaint, the plaintiff sought a declaration that the easement had been extinguished because the defendant's land was no longer landlocked.  The plaintiff also requested that the defendant be enjoined from entering upon its property without permission.  Alternatively, the plaintiff requested a declaration that the easement could be fulfilled by "allowing crossing along any path chosen by plaintiff, whether on paved subdivision street or otherwise."

On February 2, 1999, following a bench trial, the trial court entered two written orders disposing of the plaintiff's complaint.  In one order, the trial court found that the 1872 deed created an express grant of easement that had not been extinguished by the construction of public highways.  The trial court found that the evidence had failed to identify the traveled track used as a crossing prior to December 6, 1872.  However, the trial court found that the evidence did show the existence of an unimproved, unreinforced, grassy pathway used periodically by the owners of the dominant estate since the 1920s.  This pathway proceeded from an established gate at the south end of the plaintiff's land to an identified gate at the northern end of the plaintiff's land.  The trial court also found that, while the land in the vicinity of the easement was boggy and unsuitable for travel, the "grassy pathway followed a natural ridge which [did] permit the limited use granted in the easement."  As to the width of the easement, the trial court found that a pathway sufficient for two horses abreast was intended.  The trial court therefore entered an order providing that the defendant had the right to cross the plaintiff's land on the "identified earthen pathway which follows a natural ridge between the two gates."

In a separate written order, the trial court made findings as to the use of the easement.  The trial court found that the easement was limited to a mere right of crossing by foot or by animal in a manner harmless to the plaintiff's property.  As such, the trial court enjoined the defendant from bringing upon the easement any self-propelled motorized vehicle or from bringing upon the easement any inanimate apparatus that would cause harm to the soil or structure of the land.  The trial court also enjoined the defendant from mowing, cutting, or otherwise intentionally altering the grasses, foliage, and other natural features of the property.

On March 4, 1999, the defendant filed a "motion for clarification."  In the motion, the defendant argued that the plaintiff had planted rosebushes along the easement that were impeding use of the easement.  The defendant requested that he be given the right to trim the "non-natural growth along the easement which was clearly not contemplated in the 1872 deed."

On March 12, 1999, the plaintiff filed its own "motion for clarification."  The plaintiff requested that the trial court "clarify" its February 2, 1999, order by expressly ruling that the plaintiff had the right to develop its property so long as it provided a suitable pathway leading between the gates on either side of the plaintiff's property.  The plaintiff further requested an order indicating that the pathway need not follow any precise path so long as it was suitable and adequate for travel across the plaintiff's property on foot or horseback.

On March 23, 1999, the defendant filed a motion to strike the plaintiff's motion for clarification.  The defendant argued that the plaintiff's motion was not filed within 30 days of the trial court's entry of final judgment and was therefore untimely.  Additionally, the defendant argued that the motion was an attempt to relitigate the relief already sought and denied in its original complaint.  On March 29, 1999, the plaintiff filed a written response to the motion to strike, arguing that the trial court's original order had not contemplated the possibility that the development of the plaintiff's land would remove the problem of boggy soil and permit an alternate location for the pathway.

On March 30, 1999, following a hearing, the trial court granted the defendant's motion and struck the plaintiff's motion for clarification.  The defendant then elected not to proceed on his motion for clarification.  The plaintiff subsequently filed a timely notice of appeal.

On appeal, the plaintiff argues that the trial court erred in striking its motion for clarification.  The plaintiff argues that its motion was not an attack upon the correctness of the trial court's February 2, 1999, judgment but merely a request for a clarification of the trial court's findings.  As such, the plaintiff argues that the motion was not governed by the 30-day requirement for filing posttrial motions contained in section 2--

1203 of the Code of Civil Procedure (the Code) (735 ILCS 5/2--1203 (West 1998)).  Rather, the plaintiff contends that the trial court retained jurisdiction to grant such additional relief as necessary.  See 735 ILCS 5/2--701(c) (West 1998).

Section 2--1203 of the Code allows a party in a nonjury case to file a motion "for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief."  735 ILCS 5/2--1203 (West 1998).  The statute requires that such a motion be filed within 30 days after the trial court's judgment.  735 ILCS 5/2--1203 (West 1998).  The trial court loses jurisdiction to vacate or modify its judgment 30 days after the entry of the judgment unless a timely postjudgment motion is filed.  
Beck v. Stepp
, 144 Ill. 2d 232, 238 (1991).  The time for filing a posttrial motion is not extended by the timely filing of a posttrial motion by another party.  
Putz v. Schulte
, 104 Ill. App. 3d 128, 132 (1982).

In the instant case, the plaintiff did not file its motion to clarify within 30 days of the trial court's judgment.  Without a timely filed posttrial motion, the trial court was without jurisdiction to modify its February 2, 1999, judgment.  
Beck
, 144 Ill. 2d at 238.  Additionally, the fact that the defendant filed a timely posttrial motion did not excuse the plaintiff's obligation to file its motion within 30 days of the judgment order.  
Putz
, 104 Ill. App. 3d at 132.  We therefore conclude that the trial court was without jurisdiction to consider the plaintiff's motion to clarify and properly granted the defendant's motion to strike.

In an attempt to avoid the 30-day jurisdictional bar, the plaintiff asserts that its motion to clarify was not a posttrial motion within the scope of section 2--1203 of the Code because it was not directed against the trial court's judgment.  The plaintiff argues that its motion was instead a request for a clarification of the trial court's findings.  We disagree.  A review of the record reveals that the plaintiff's motion to clarify raised the precise issues already presented at trial and ruled upon by the trial court.  Regardless of the plaintiff's characterization, we believe that the motion was a request that the trial court reconsider the merits and modify its judgment order.  As such, we believe that the motion was a posttrial motion within the scope of section 2--1203.

However, even if we were to accept the plaintiff's assertion that its motion was not directed against the trial court's judgment, the plaintiff was nonetheless obligated to file its motion within 30 days.  As already noted, a trial court loses jurisdiction over a case 30 days after the entry of the final judgment.  See 
Rubly v. Edgar
, 209 Ill. App. 3d 396, 400 (1991).  After the expiration of 30 days, the trial court is without jurisdiction to change, alter, or amend a final judgment unless a petition has been filed sufficient to warrant relief under section 2--1401 of the Code.  
Universal Outdoor, Inc. v. City of Des 
Plaines
, 236 Ill. App. 3d 75, 80 (1992).  Indeed, we note that in each of the authorities cited by the plaintiff the postjudgment motion was filed within 30 days of the final judgment.  See 
Marsh v. Evangelical Covenant Church
, 138 Ill. 2d 458, 459 (1990) (motion for attorney fees filed 29 days after final judgment); 
Giammanco v. Giammanco
, 253 Ill. App. 3d 750, 754 (1993) (oral motion for clarification made 15 days after final judgment).

The plaintiff also asserts that because the trial court was sitting in equity, it had continuing jurisdiction to "do full and complete justice" and to adjudicate all matters in controversy.  See 
Midway Tobacco Co. v. Mahin
, 42 Ill. App. 3d 797, 807 (1976).  The plaintiff notes that section 2--701 provides the right to petition any court having jurisdiction for further relief based upon a declaration of right when such relief becomes necessary.  735 ILCS 5/2--701(c) (West 1998).  Contrary to the plaintiff's assertions, however, its motion to clarify did not seek "further relief" based upon a declaration of right.  Rather, as detailed above, the motion essentially sought a modification of the trial court's final order, which had fully adjudicated the matters in controversy.  As such, the motion cannot be considered a petition for "further relief" as provided for in section 2--701(c) of the Code.  See 
Americana Nursing Homes, Inc. v. City of Rockford
, 53 Ill. App. 2d 447, 452 (1964) (petition for further relief must present a new question not previously adjudicated).  We therefore conclude that the trial court was without jurisdiction to hear the motion to clarify and that the motion was properly stricken.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

BOWMAN, P.J., and INGLIS, J., concur.